In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-018 CR


____________________



GREGORIO GARZA, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Cause No. 23,980






MEMORANDUM OPINION


 A jury found appellant Gregorio Garza guilty of two counts of aggravated sexual
assault of a child and one count of indecency with a child. See Act of July 18, 1987, 70th
Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (amended 1993, 1995, 1997, 1999, 2001,
2003) (current version at Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i), (a)(1)(B)(iii) (Vernon
Supp. 2005)); Tex. Pen. Code Ann. § 21.11(a)(2) (Vernon 2003). The trial court assessed
Garza's punishment at confinement in the Texas Department of Criminal Justice-Institutional
Division for a term of forty-five years per count of aggravated sexual assault and twenty
years for indecency with a child. Garza raises six issues on appeal. We affirm.

 In his first issue, Garza contends the trial court erred by failing to instruct the jury that
extraneous acts admitted under article 38.37 of Code of Criminal Procedure could only be
considered to show his state of mind or the relationship between him and the complainants. 
See Tex. Code Crim. Proc. Ann. art. 38.37 (Vernon Supp. 2005). Pursuant to article 38.37,
the State offered evidence of extraneous acts committed against the two complainants, W.R.
(Garza's stepson) and D.G. (Garza's son). See id. Garza did not seek a limiting instruction
upon the admission of the extraneous acts. After the guilt/innocence evidence closed, the
trial court administered the following jury instruction: 

 You have heard evidence of extraneous crimes or bad acts other
than the ones charged in the indictment in this case. You cannot
consider the testimony for any purpose unless you find and
believe beyond a reasonable doubt that the defendant committed
such other acts, if any were committed. 


Garza neither objected to the jury charge nor sought to limit the extraneous evidence
pursuant to Tex. Code Crim. Proc. Ann. art. 38.37, § 2 (Vernon Supp. 2005). (1) 

 An appellate court's first duty in evaluating a jury charge issue is to determine whether
error exists. Ngo v. State, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (citing Middleton
v. State, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003)). If error is found, the appellate court
then analyzes that error for harm. Id. (citing Middleton, 125 S.W.3d at 453). Texas Rule of
Evidence 105(a) provides:

 (a) Limiting Instruction. When evidence which is admissible as to one party
or for one purpose but not admissible as to another party or for another
purpose is admitted, the court, upon request, shall restrict the evidence to its
proper scope and instruct the jury accordingly; but, in the absence of such
request the court's action in admitting such evidence without limitation shall
not be a ground for complaint on appeal.


Tex. R. Evid. 105(a). The Court of Criminal Appeals has consistently interpreted this rule
to require a request for a limiting instruction at the moment the evidence is admitted. See
Hammock v. State, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001); Rankin v. State, 974 S.W.2d
707, 713 (Tex. Crim. App. 1996); Garcia v. State, 887 S.W.2d 862, 878 (Tex. Crim. App.
1994). Once evidence is admitted without a proper limiting instruction, it becomes admitted
for all purposes. Hammock, 46 S.W.3d at 895. When evidence is admitted for all purposes,
a limiting instruction on the evidence is not "'within the law applicable to the case,'" and a
trial court is not required to include a limiting instruction in the jury charge. Id. (citing Tex.
Code Crim. Proc. Ann. art. 36.14).

 In this case, Garza did not request a limiting instruction when the evidence of
extraneous acts was admitted. Thus, this evidence became admissible for all purposes and
a limiting instruction was not required. See Hammock, 46 S.W.3d at 893, 894-95. The trial
court committed no error. Issue one is overruled. 

 In his five remaining issues, Garza maintains he was denied effective assistance of
counsel. The legal standard applicable to an ineffective assistance of counsel claim is set out
in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674
(1984). See Hernandez v. State, 726 S.W.2d 53, 55-57 (Tex. Crim. App. 1986). To prevail
on his claim, Garza must first prove that trial counsel's representation was deficient. See
Strickland, 466 U.S. at 687. In other words, "the defendant must prove, by a preponderance
of the evidence, that there is, in fact, no plausible professional reason for a specific act or
omission." Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Second, Garza must
show that counsel's deficient representation prejudiced his defense. See Strickland, 466 U.S.
at 687.

 "Appellate review of defense counsel's representation is highly deferential and
presumes that counsel's actions fell within the wide range of reasonable and professional
assistance." Bone, 77 S.W.3d at 833. An appellate court will "commonly assume a strategic
motive if any can be imagined and will find counsel's performance deficient only if the
conduct was so outrageous that no competent attorney would have engaged in it." Andrews
v. State, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005) (citing Bone, 77 S.W.3d at 833 n.15). 
We assess the "'totality of the representation'" rather than isolated acts or omissions. 
Scheanette v. State, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004), cert. denied, 543 U.S.
1059, 1255 S.Ct. 872, 160 L.Ed.2d 785 (2005) (citing Wilkerson v. State, 726 S.W.2d 542,
548 (Tex. Crim. App. 1986)). "The fact that another attorney may have pursued a different
tactic at trial is insufficient to prove a claim of ineffective assistance." Id. (citing McFarland
v. State, 845 S.W.2d 824, 844 (Tex. Crim. App. 1992)). 

 Rarely will a reviewing court be able to fairly evaluate the merits of an ineffective
assistance of counsel claim on direct appeal. Salinas v. State, 163 S.W.3d 734, 740 (Tex.
Crim. App. 2005) (citing Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999)). 
 "'In the majority of cases, the record on direct appeal is undeveloped and cannot adequately
reflect the motives behind trial counsel's actions.'" Id. (quoting Mallett v. State, 65 S.W.3d
59, 63 (Tex. Crim. App. 2001)). When faced with a record that does not indicate trial
counsel's strategy and tactics, we may not speculate as to why counsel pursued a particular
course of action. Flowers v. State, 133 S.W.3d 853, 857 (Tex. App.--Beaumont 2004, no
pet.) (citing Ex parte Varelas, 45 S.W.3d 627, 632 (Tex. Crim. App. 2001)). The more
appropriate vehicle to raise ineffective assistance of counsel claims is an application for writ
of habeas corpus. Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (citing
Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002)). 

 In Garza's second issue, he complains that trial counsel failed to compel the court to
determine for what purpose the evidence of other extraneous acts between Garza and the
victims was admitted. See Tex. Code Crim. Proc. Ann. art. 38.37. At trial, when W.R.
began to explain how Garza typically initiated the sexual abuse, trial counsel objected,
stating the testimony should be limited to the offenses for which Garza was charged. The
trial court ruled that the evidence was admissible and overruled counsel's objection. Garza's
counsel lodged an objection; therefore, Garza has failed to show that trial counsel's
performance was deficient. Issue two is overruled.

 In Garza's third and fourth issues, he contends counsel failed to request a limiting
instruction when extraneous acts between Garza and the victims were admitted under article
38.37 and failed to lodge a Rule 404(b) objection to the admission of extraneous bad acts that
did not fall under article 38.37. See Tex. R. Evid. 404(b); Tex. Code Crim. Proc. Ann. art.
38.37. Specifically, Garza complains of evidence regarding: (1) his verbal and physical
abuse of the victims and their mother; (2) a threat to kill the victims' mother; (3) instances
when Garza inappropriately touched his daughter's breasts; (4) testimony that D.G. told his
friend J.F. that Garza molested him; (5) Garza's failure to divorce the victims' mother or
send her money; and (5) rumors that Garza was "known as a homosexual" in Mexico. 

 We have held that trial counsel is not necessarily deficient for failure to request a
limiting instruction on extraneous acts. See Ryan v. State, 937 S.W.2d 93, 104 (Tex. App. --
Beaumont 1996, pet. ref'd) (citing Blevins v. State, 884 S.W.2d 219, 230 (Tex. App.--
Beaumont 1994, no pet.)). When an appellate court is faced with a silent record, the court
can conclude that trial counsel's strategy may have been not to draw further attention to the
extraneous acts. Id.

 The record in this case does not reveal trial counsel's motives for not requesting a
limiting instruction or for not objecting when inadmissible extraneous acts were admitted. 
Although we are not required to speculate as to counsel's motives, counsel's trial strategy
may have been not to draw further attention to the extraneous acts between Garza and the
victims. See id. Garza has failed to meet the first prong of Strickland because the record has
not been adequately developed. Issues three and four are overruled.

 In issue five, Garza asserts that counsel failed to object to the State's use of his post-arrest silence. During the State's direct examination of Detective David Cross of the Lufkin
Police Department, the following exchange took place:

 [PROSECUTOR] Who else did you talk to in reference to this case?


 . . . .


 [DETECTIVE CROSS] I left a card at Mr. Gregorio's house on the 2nd of
June. Did not get a response. Later, when he was arrested, I asked him to do
an interview and he refused to do so.


 [PROSECUTOR] He did not wish to talk to you?


 [DETECTIVE CROSS] No.


 [PROSECUTOR] Did you ask him to?


 [DETECTIVE CROSS] Yes.


 [PROSECUTOR] Did you ask him in English or Spanish?


 [DETECTIVE CROSS] English.


 [PROSECUTOR] Did he speak to you in English?


 [DETECTIVE CROSS] Yes, he did.


 [PROSECUTOR] Did he seem to understand you?


 [DETECTIVE CROSS] Yes. 


 . . . .


 [PROSECUTOR] And did you talk to the defendant on that date?


 [DETECTIVE CROSS] When he was arrested, yes.


 [PROSECUTOR] Did you ask him to give you a statement? 


 . . . .


 [PROSECUTOR] Is that the date you asked him to give you a statement?


 [DETECTIVE CROSS] Yes.


 [PROSECUTOR] Did he wish to do so?


 [DETECTIVE CROSS] No. 


 A comment on a defendant's post-arrest silence violates his rights under the Fifth
Amendment of the United States Constitution and article I, section 10 of the Texas
Constitution. Doyle v. Ohio, 426 U.S. 610, 617-19, 96 S.Ct. 2240, 2244-45, 49 L.Ed.2d 91
(1976); Heidelberg v. State, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004); Sanchez v. State,
707 S.W.2d 575, 582 (Tex. Crim. App. 1986). Under the U.S. Constitution, after assurances
such as Miranda warnings, the State cannot use the defendant's post-arrest silence to impeach
an explanation subsequently offered at trial. See Doyle, 426 U.S. at 618. The Texas Court
of Criminal Appeals has determined that, in addition to the Doyle prohibition, post-arrest,
pre-Miranda silence may not be used against a defendant at trial. See Sanchez, 707 S.W.2d
at 582. 

 We again note that the record is silent as to trial counsel's trial strategy regarding this
complaint. Trial counsel may have allowed the detective to testify as to his conversations
with Garza to demonstrate that the detective did not communicate using Garza's native
language. The record indicates that Garza did not understand English very well and relied
on a Spanish-speaking interpreter to translate the trial proceedings. 

 Trial counsel did object when the State later attempted to cross-examine Garza
regarding his reluctance to speak to Detective Cross. The State asked him, "Sir, why didn't
you talk to Detective Cross when he came to talk to you at your house?" Trial counsel
objected "because he had a perfect right not to." The trial court sustained this objection and
instructed the jury to disregard the question and the lack of response. (2) See State v. Lee, 15
S.W.3d 921, 926 n. 7 (Tex. Crim. App. 2000) (quoting Waldo v. State, 746 S.W.2d 750, 755
(Tex. Crim. App. 1988)). Garza is critical of this objection and contends it shows that trial
counsel knew to object to any attempt to question his client regarding his post-arrest silence. 
However, as the record is silent as to trial counsel's trial strategy, we presume that the timing
of trial counsel's objections was consistent with a possible strategic plan. We do not find
trial counsel deficient in this regard. Issue five is overruled.

 In issue six, Garza argues trial counsel failed to object to victim impact evidence. 
W.R. testified that as a result of Garza's sexual abuse, he has become aggressive,
homophobic, and performed poorly in school. W.R. further revealed that he felt "bad . . .
because [Garza] . . . took my childhood away" and he also felt "mental anguish." W.R.
further testified that he received private counseling. D.G. testified that he has taken
medication, has received counseling, and was in a special education program at school. D.G.
further testified that he hated his father. Garza's wife (the victims' mother) testified that she
felt degraded, guilty, and would not be able to forgive herself for not removing the children
from Garza's home. She also stated, "I feel like this is my fault, all of it is my fault." Garza
also complains of testimony regarding Mrs. Garza's stay at a women's shelter with D.G., her
daughter, and her grandchild. 

 Victim-impact testimony is generally irrelevant during guilt/innocence because it does
not tend to make more or less probable the existence of any fact of consequence at trial. See
Miller-El v. State, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990) (citing Tex. R. Evid. 401). 
Again, we are faced with an undeveloped record regarding this issue. A review of the record
indicates a conceivable trial strategy to discredit these witnesses on cross-examination. Trial
counsel's cross-examination revealed that W.R. considered his relationship with Garza over
the years to be "amicable," and D.G. "sort of" cared for Garza and had visited him as
recently as July 2004. Trial counsel's cross-examination of Mrs. Garza revealed that D.G.
and his friend J.F. were taking the same medication and experienced the same types of
problems in school. The record also shows that Mrs. Garza and D.G. remained in Garza's
home after the victims told their mother of the sexual abuse and D.G. reported the abuse to
his school counselor. Issue six is overruled. We affirm the trial court's judgment. 

 AFFIRMED. 


 ______________________________

 CHARLES KREGER

 Justice


Submitted on January 2, 2006

Opinion Delivered March 15, 2006

Do not publish


Before Gaultney, Kreger, and Horton, JJ.
1. The statute provides: 


 Sec. 2. Notwithstanding Rules 404 and 405, Texas Rules of Evidence,
evidence of other crimes, wrongs, or acts committed by the defendant against the
child who is the victim of the alleged offense shall be admitted for its bearing on
relevant matters, including:


 (1) the state of mind of the defendant and the child; and


 (2) the previous and subsequent relationship between the defendant and
the child.


Tex. Code Crim. Proc. Ann. art. 38.37, § 2 (Vernon Supp. 2005).
2. This line of questioning may very well have been constitutionally permissible as
it related to Garza's pre-arrest silence.