David Wayne MIDDLETON, Appellant,

v.

The STATE of Texas.

No. 1263–01.

Court of Criminal Appeals of Texas, En Banc.

April 23, 2003.

14. *Steelman,* 16 S.W.3d at 490.

15. *See Massachusetts v. United States,* 333 U.S. 611, 639–40, 68 S.Ct. 747, 92 L.Ed. 968 (Jackson, J., dissenting).

Ken Mahaffey, Austin, for Appellant.

Barry S. Green, DA, Decatur, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

KEASLER, J., announced the judgment of the Court and delivered an opinion, in which KELLER, P.J., and WOMACK and HERVEY, JJ., joined.

A police officer said he saw David Middleton run a stop sign, but Middleton claimed that he stopped. The officer pulled Middleton over and found drugs. The jury was instructed to disregard this evidence if the officer lacked probable cause. We conclude that the failure to

define that term was not error because this jury did not need the definition.

## I. Facts

On New Year's Eve, 1998, Sergeant Stanford was "working radar" at the intersection of Crittendon Street and Cates Street in Bridgeport. He testified that he saw a small blue Chevy pick-up fail to come to a complete stop at the stop sign. Stanford followed the vehicle with his lights flashing and after a few blocks the truck came to a stop. Stanford approached the truck and identified the driver as Middleton. Middleton consented to a search, and upon searching the truck, Stanford found methamphetamine behind the ashtray.

Middleton testified that he stopped at the stop sign.

At the conclusion of testimony, defense counsel requested a charge pursuant to Art. 38.23:

I would request the Charge, under Article 3823 of the Code of Criminal Procedure at the beginning of top of Page 2, I would ask that it be inserted. "Our law provides that any evidence seized in violation of the United States Constitution, the Texas State Constitution, the laws of the State of Texas or of this county, shall not be admitted into evidence in any criminal proceeding."

Basically, I would ask for that charge as a descriptive of what the law is for the next two paragraphs, your Honor.

The court denied Middleton's request but did include the following language in the charge:

The court further instructs you that before you may consider the testimony of Steve Stanford concerning the search of the Defendant's vehicle, you must first find beyond a reasonable doubt that the officer had probable cause to believe and did believe that the defendant did not bring the vehicle he was operating to a stop at the intersection of Cates and Crittendon in Bridgeport, Texas, and if you do not so find beyond a reasonable doubt, or if you have a reasonable doubt, you will disregard such testimony and evidence.

During closing arguments, the defense made the following statements:

Remember we told you that any law [sic] that's seized in violation of the United States Constitution, State Constitution the laws of the State of Texas is not admissible in Court.

Now, this is where the issue comes. You get a charge on the law because there's an issue, and the issue is: Do you have a reasonable doubt as to whether or not he came to a complete stop. See, that's the probable cause issue. That's the probable cause issue. You have a reasonable doubt as to whether or not he came to a complete stop or whether Mr. Stanford—Officer—Sergeant Stanford was just out there making a lot of routine traffic stops.

So you have to have a reason to stop somebody, just to get into the idea where you can ask them for search of the vehicle.

Now, if you have a reasonable doubt as to whether or not Stanford—as he prefers to be called—had a reasonable doubt as to whether or not he, in fact, observed a traffic violation, if you even have a reasonable doubt to have to prove it beyond a reasonable doubt, Stanford who makes all these routine stops and who is an officer of the year, and doesn't know whether or not he's officer of the year because of all these routine consensual stops he makes, you have to believe beyond a reasonable doubt. It's not a weighing or balancing

of, you know, I'm not sure maybe it was an okay stop, maybe it wasn't.

Remember the protections. It's to protect everybody from ill—unreasonable illegal detentions. If you have a reasonable doubt as to whether or not that stop was valid, you don't consider anything that was a result of that stop.

\* \* \*

The evidence is—The evidence is that there is some factual dispute whether or not there was a valid stop or some pretextual-type stop by the police.

The jury found Middleton guilty of possessing methamphetamine and the judge sentenced him to 12 years in prison.

## II. Court of Appeals

Middleton appealed arguing, among other things, that the trial judge erred by failing "to include an abstract instruction on the law of illegal search and seizure in the Art. 38.23 charge." He argued the charge failed to describe the law that the jury was to apply and failed to define "probable cause." The State responded that Middleton failed to preserve error and, if he did so, any error was harmless. The Court of Appeals held that "probable cause" was not required to be defined in the charge because it is not defined by statute.[1] We granted Middleton's petition for discretionary review to decide whether a trial court "should provide the jury with a definition of the term 'probable cause' in an Art. 38.23 instruction."

## III. Preservation of Error

The State argues initially that Middleton's complaint on appeal is different from his complaint at trial. This argument is premature.

As we explained in *Hutch v. State*,[2] an appellate court's first duty in evaluating a jury charge issue is to determine whether error exists. Then, if error is found, the appellate court should analyze that error for harm. Error preservation does not become an issue until harm is assessed because "the degree of harm necessary for reversal depends upon whether the error was preserved."[3]

This is the analysis we set forth almost 20 years ago in *Almanza v. State*.[4] There we explained that Art. 36.19 contains harm standards for "both 'fundamental error and ordinary reversible error' in jury charges."[5] As a result, all jury charge error must be considered, whether or not the defendant preserved error.[6] And we have specifically applied the harmless error rule of Art. 36.19 to Art. 38.23.[7] So we must analyze whether error existed in Middleton's jury charge before we consider whether that error was preserved.[8]

## IV. Analysis

Article 38.23(a) provides that no evidence obtained in violation of the law

1. *State v. Middleton*, 43 S.W.3d 881 885–86 (Tex.App.-Fort Worth, 2001).

2. 922 S.W.2d 166, 171 (Tex.Crim.App.1996).

3. *Id.*

4. 686 S.W.2d 157 (Tex.Crim.App.1984) (op. on reh'g).

5. *Posey v. State*, 966 S.W.2d 57, 60 (Tex.Crim. App.1998).

6. *Almanza*, 686 S.W.2d at 171. *See also Saunders v. State*, 817 S.W.2d 688 (Tex.Crim. App.1991).

7. *Atkinson v. State*, 923 S.W.2d 21, 27 (Tex. Crim.App.1996).

8. *See Balentine v. State*, 71 S.W.3d 763, 774 (Tex.Crim.App.2002) (stating that "[b]ecause we find that no error occurred, we need not decide whether appellant waived the asserted jury charge error.").

should be admitted at trial. It also provides that if the evidence "raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained."

▆ As a general rule, terms need not be defined in the charge if they are not statutorily defined.[9] But terms which have a technical legal meaning may need to be defined.[10] This is particularly true when there is a risk that the jurors may arbitrarily apply their own personal definitions of the term [11] or where a definition of the term is required to assure a fair understanding of the evidence.[12]

"Probable cause" is not statutorily defined, and Middleton argues that it must be defined because it has a technical legal meaning. But even if "probable cause" has acquired a technical legal meaning, that does not necessarily mean that it had to be defined.[13] In this case, there was no risk that the jurors would arbitrarily apply their own personal definition, nor was a definition of the term required to assure a fair understanding of the evidence.

This case involved a single, and simple, factual dispute—whether or not Middleton stopped at the stop sign. Its resolution determined whether the seized evidence could be considered. There were no other facts which could have established probable cause. As the State explained in its brief to the Court of Appeals:

If this case had been a case wherein an officer had to rely upon a multitude of factors to come to his conclusion regarding probable cause, a definition for the jury might have been helpful. However, the only issue involved in the determination of probable cause in this case is whether [Middleton] failed to come to a complete stop.

Indeed, defense counsel's argument to the jury highlighted this fact and explained to the jury that, in this case, "probable cause" meant a failure to stop at the stop sign.

## V. Conclusion

Because there was no ambiguity in this case as to the meaning of "probable cause," we conclude that the trial judge did not err in failing to define it.

We affirm the Court of Appeals' judgment.

HOLCOMB and COCHRAN, JJ., concurred in the result.

WOMACK, J., filed a concurring opinion.

PRICE, J., filed a dissenting opinion, joined by MEYERS and JOHNSON, JJ.

WOMACK, J., concurring.

I join the Court's opinion with the understanding that, because of an unusual feature of this case, it does not resolve the general question of the need to define "probable cause" in the court's charge un-

---

9. *Martinez v. State,* 924 S.W.2d 693, 698 (Tex. Crim.App.1996); *Garcia v. State,* 887 S.W.2d 846, 859 (Tex.Crim.App.1994).

10. *See Medford v. State,* 13 S.W.3d 769, 772 (Tex.Crim.App.2000); *Andrews v. State,* 652 S.W.2d 370, 375–76 (Tex.Crim.App.1983) (explaining that term acquiring technical meaning need not necessarily be defined).

11. *Medford,* 13 S.W.3d at 772.

12. *See Draughon v. State,* 831 S.W.2d 331, 338 (Tex.Crim.App.1992).

13. *See Andrews,* 652 S.W.2d at 375–76.

der Article 38.23. The Court prudently decides no more than the case requires.

The State took the issue of probable cause out of this case by accepting a burden to prove more than the law required; that is, that the defendant did commit an offense in the officer's presence. The law's requirement is only that the officer have probable cause to believe that someone committed an offense in the officer's presence.* We have not decided (although, it seems to me, the issue would not be close) whether "probable cause" must be defined when probable cause *is* the standard for the jury.

PRICE, J., dissenting in which MEYERS and JOHNSON, JJ., joined.

While searching the appellant's truck, police found methamphetamine and marihuana behind the ashtray. The appellant claimed that the officer had no probable cause to pull him over. The trial court included an article 38.23 [1] instruction in the proposed guilt-innocence jury charge; the appellant requested a more detailed instruction. The trial court denied his request, and the appellant was convicted. Today the Court addresses whether the trial court should have defined probable cause in the jury charge. The Court concludes that answer is no. I disagree, and therefore, I dissent.

On direct appeal, the appellant claimed that the trial court should have included a definition of probable cause in the jury charge.[2] The court of appeals explained that the trial court is not required to provide a definition for any term that is not defined in the relevant statute. Probable cause is not defined in article 38.23. Therefore, the court of appeals concluded, the trial court was not required to include a definition in the charge. *State v. Middleton*, 43 S.W.3d 881, 885 (Tex.App.-Fort Worth, 2001).

The appellant filed a petition for discretionary review, which we granted, claiming that the court of appeals erred because probable cause is a technical legal term, which should be defined for jurors.

The general rule, as the court of appeals explained, is that a term need not be defined in the jury charge if the legislature failed to define it in the relevant statute. *Martinez v. State*, 924 S.W.2d 693, 698 (Tex.Crim.App.1996). The relevant statute in this case, Texas Code of Criminal Procedure article 38.23,[3] does not define

---

* *See, e.g., Brinegar v. United States*, 338 U.S. 169, 174–76 (1946) (constitutional law); *Carlock v. State*, 609 S.W.2d 787, 790 (Tex.Cr. App.1980) (state statutory law).

1. Tex.Code Crim. Proc. art. 38.23.

2. The portion of the charge that the appellant complains was incomplete reads as follows:
    The court further instructs you that before you may consider the testimony of Steve Stanford concerning the search of the Defendant's vehicle, you must first find beyond a reasonable doubt that the officer had probable cause to believe and did believe that the defendant did not bring the vehicle he was operating to a stop at the intersection of Cates and Crittendon in Bridgeport, Texas, and if you do not find so beyond a reasonable doubt, or if you have a

reasonable doubt, you will disregard such testimony and evidence.

3. Article 38.23 reads:
    (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
    In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.
    (b) It is an exception to the provisions of Subsection (a) of this Article that the evi-

probable cause. Indeed, the Article *does not even contain the term probable cause.* Article 38.23 is a statutory exclusionary rule that prohibits the use of evidence if it was obtained in violation of the constitution or laws of the State of Texas and the United States. The general rule cannot apply in this case since the term probable cause does not appear in Article 38.23.

We have recognized an exception to the general rule when a term *in a statute* has a technical meaning. If a term does not have a common, ordinary meaning that we can presume jurors to know and apply, a definition of the term should be included in the jury charge. *Phillips v. State,* 597 S.W.2d 929, 934 (Tex.Crim.App. [Panel Op.] 1980); *King v. State,* 553 S.W.2d 105, 107 (Tex.Cr.App.1977) (citing *Joubert v. State,* 136 Tex.Cr.R. 219, 124 S.W.2d 368 (1938)).[4] This *might* be the test when a technical term does not appear in a statute, but we cannot tell that from the cases cited by the majority.

In *Andrews v. State,* 652 S.W.2d 370 (Tex.Crim.App.1983), we attempted to refine this exception to the rule. We explained that a word or phrase with a technical legal meaning will not always need to be defined. *Id.* at 375–76. In that case the defendant complained that the trial court should have defined the term "prurient interest." *Ibid.* We said that it might have been wise for the legislature to include a definition of prurient interest, but we concluded that the statute's failure to include a definition did not "cause[ ] a jury charge to be subject to an objection for failure to define that term." *Id.* at 376.

We said that the Code Construction Act specifies that "Words and phrases shall be read in context and construed accordingly. Words and phrases that have acquired a technical or particular meaning, whether by legislature or otherwise shall be construed accordingly." *Ibid.* (quoting Tex. Rev.Civ. Stat. art. 5429b–2, § 2.01). Also we noted Code of Criminal Procedure Article 3.01 states "Words and terms used in this Code are to be taken and understood in their usual acceptability in common language, except where specially defined."[5] *Ibid.* (quoting Tex.Code Crim. Proc. art. 3.01). We said that neither the Code Construction Act, nor Article 3.01 of the Code of Criminal Procedure, require the definition in the jury charge. Of course, this is

---

dence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause.

**4.** We have applied this test explicitly and implicitly in several cases. *See, e.g., Paulson v. State,* 28 S.W.3d 570 (Tex.Crim.App.2000) (beyond a reasonable doubt need not be defined); *Medford v. State,* 13 S.W.3d 769, 772 (Tex.Crim.App.2000) (arrest should be defined); *Motley v. State,* 773 S.W.2d 283, 289–90 (Tex.Crim.App.1989) (deliberately and intentionally need not be defined); *Whaley v. State,* 717 S.W.2d 26, 30–31 (Tex.Crim.App. 1986) (constructive transfer should be defined); *MacDougall v. State,* 702 S.W.2d 650, 652 (Tex.Crim.App.1986) (deception should be defined); *Phillips v. State,* 597 S.W.2d 929, 937 (Tex.Crim.App.1980) ("violate or abuse sexually" need not be defined); *Coplin v.*

*State,* 585 S.W.2d 734, 736 (Tex.Crim.App. 1979) (fiduciary property, commercial bailee, trustee, guardian, administrator, executor, conservator, receiver, and managing partner need not be defined because they are not essential to prosecution under Penal Code section 32.45, misapplication of fiduciary property); *Ahearn v. State,* 588 S.W.2d 327, 338 (Tex.Crim.App.1979) (serious physical deficiency need not be defined in context of injury to a child); *Mitchell v. State,* 135 Tex. Crim. 176, 178, 117 S.W.2d 443, 445 (1938) (unlawful arrest should be defined).

**5.** This provisions has been revised by the legislature. Today, Article 3.01 reads: "All words, phrases, and terms used in this Code are to be taken and understood in their usual acceptation in common language, except where specially defined."

not a surprising conclusion because both provisions deal with the interpretation of statutes, not whether a term should be defined in a jury charge. Also, as I explained above, the term probable cause does not appear in Article 38.23 because it is a general exclusionary rule. These rules cannot apply to the situation in the instant case.

Even assuming the test for the exception to the rule about defining *statutory terms* in the jury charge applied in this case, probable cause is a technical term that is not easily understood by the average juror. If one were to ask the average juror what probable cause means, the smart money says he will not get even close.

The appellant argues that probable cause has a peculiar and technical meaning in this context and that it should be defined in the charge. In support of this argument, the appellant claims that one court of appeals has held that probable cause should be defined in this context,[6] published jury instruction guides include a definition of probable cause, the Texas Supreme Court has required a definition of probable cause,[7] and the definition of probable cause varies depending on the area of law in which it is applied.

The State argues that probable cause is not a technical term that should be defined because it embraces a practical, common sense approach in contrast to the terms beyond a reasonable doubt and preponderance of the evidence.

The appellant notes that at least one court of appeals has determined that trial courts should define probable cause in an article 38.23 instruction. In *Braggs v. State*, 951 S.W.2d 877, 881 (Tex.App.-Texarkana 1997, pet. ref'd),[8] the court held that an article 38.23 instruction was defective:

> This Court recently addressed this issue in *Davis v. State*, 905 S.W.2d 655, 663–64 (Tex.App.-Texarkana 1995, pet. ref'd). As in *Davis*, the instruction here consists only of an abstract proposition of law drawn directly from Article 38.23. The jury charge does not instruct the jury on the law governing probable cause. The charge does not apply the legal concept to the evidence involved, nor does it ask the jury to resolve the disputed fact issues that either justify or invalidate the officer's conduct. *Id.* The charge is defective.

*Ibid.* Braggs, like the appellant, complained that the trial court failed to include a definition of probable cause. The court of appeals's holding that the trial court erred by failing to instruct on the law of probable cause seems to be in response to Braggs's complaint. The Court explained in *Braggs* and *Davis*, the case on which *Braggs* relies, that the explanation, or abstract portion of the charge was required. It is true that we have held that a jury charge should contain the abstract portion of the charge and the application portion. *Riley v. State*, 830 S.W.2d 584, 586–87 (Tex.Crim.App.1992). But whether the abstract portion of the charge should define a

---

**6.** The appellant cites *Braggs v. State,* 951 S.W.2d 877, 881 (Tex.App.-Texarkana 1997, pet. ref'd) (holding article 38.23 instruction inadequate for failure to define probable cause and reasonable suspicion).

**7.** The appellant cites *Akin v. Dahl,* 661 S.W.2d 917, 921 (Tex.1983).

**8.** The State argues that the appellant's reliance on *Braggs* does not help him because here, as in *Braggs,* the defendant's request was not specific enough. Therefore, the State argues, the Court of Appeals properly affirmed the trial court because no egregious harm was shown. This does not defeat the appellant's argument.

term is determined by the rules set out above: Is the term defined in the relevant statute, and if not, is it a technical term that we cannot presume the jury to know and apply? *See King v. State*, 553 S.W.2d 105, 107 (Tex.Cr.App.1977).

The State notes that at least one other court of appeals has rejected the argument that probable cause should be defined. But in *Rendon v. State*, 695 S.W.2d 1, 4 (Tex.App.-Corpus Christi 1984, pet. ref'd), the court provides no analysis for its conclusion. It merely explained that *Rendon* provided no authority for his claim that a definition of probable cause was required. *Ibid.* This basis was adequate for the court's disposition of Rondon's claim, but it does not dispose of the question we address today.

The appellant also argues that because published jury instruction guides recommend the inclusion of a definition of probable cause, the definition should be required. The appellant cites W. Scott Carpenter and Paul J. McClung, *Texas Criminal Jury Charges*, sections 12:750 & 12:1090.20 (2001), in which the authors conclude that instructions that merely track the language of article 38.23 are inadequate and they include a definition of probable cause in the article 38.23 instruction.

For the proposition that an article 38.23 instruction should do more than track the statutory language, the authors cite *Braggs*, which relies on *Davis v. State*, 905 S.W.2d 655, 663–64 (Tex.App.Texarkana 1995, pet. ref'd). As we explained above, the court in *Braggs* and *Davis* did not include analysis or authority for its conclu-

sion other than to say that the instruction must include an abstract explanation of the law and an application of the law to the facts of the case. *Braggs*, 951 S.W.2d at 881; *Davis*, 905 S.W.2d at 663–64. The court's analysis in those cases does not support its conclusion.

For the wording of their recommended instruction, the authors rely on cases that hold an instruction must be given if a question of fact arises under article 38.23,[9] and one case that holds an article 38.23 instruction given by the trial court was not an incorrect statement of the law.[10] But these cases do not require the trial judge to include a definition of probable cause. This is persuasive authority, but it does not dispose of the question in this case.

The appellant also argues that because civil cases have required a definition of probable cause we should include a definition in this case. The case on which the appellant relies is *Akin v. Dahl*, 661 S.W.2d 917, 921 (Tex.1983). In that case, the Texas Supreme Court approved of a definition that was used by the trial judge in the case, but did not address the question of whether one must be given. *Ibid.* This is more persuasive authority that it is advisable to include a definition of probable cause.

The appellant argues that probable cause is a technical term because it is defined differently in different legal contexts. In the context of an article 38.23 instruction, probable cause exists

> where police have reasonably trustworthy information, considered as a whole, sufficient to warrant a reasonable person to believe that a particular person

---

9. *Jordan v. State*, 562 S.W.2d 472, 472–473 (Tex.Crim.App.1978) (requiring an article 38.23 instruction when a question of fact was raised concerning the legality of the way evidence was obtained).

10. *Attwood v. State*, 509 S.W.2d 342, 346 (Tex.Crim.App.1974) (approving of an article 38.23 instruction when a definition of probable cause appeared elsewhere in the charge, a fact which was not mentioned by the Court).

has committed or is committing an offense. Probable cause requires more than mere suspicion but far less evidence than that needed to support a conviction or even that needed to support a finding by a preponderance of the evidence.

*Hughes v. State*, 24 S.W.3d 833, 838 (Tex. Crim.App.2000) (citations omitted).

In forfeiture proceedings, the definition is different. Probable cause "is a reasonable belief that a 'substantial connection exists between the property to be forfeited and the criminal activity defined by the statute.' " *State v. $11,014.00*, 820 S.W.2d 783, 784 (Tex.1991) (citing *$56,700 in U.S. Currency v. State*, 730 S.W.2d 659 (Tex. 1987)).

In the civil tort malicious prosecution, probable cause is defined similarly to the way we define it in a criminal case. Probable cause is "[t]he existence of such facts and circumstances as would excite belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted." *Akin v. Dahl*, 661 S.W.2d 917, 921 (Tex.1983) (citing *Ramsey v. Arrott*, 64 Tex. 320 (1885)).

The fact that the definition of this term is different in different legal contexts is a good reason to conclude that probable cause is a technical legal term and that we should not assume that jurors know the term and can apply it in context.

The State claims that probable cause is not a technical term that should be defined because it embraces a practical common sense approach in contrast to the terms beyond a reasonable doubt or preponderance of the evidence. It cites *In re A.A.*, 929 S.W.2d 649, 653–54 (Tex.App.-San Antonio 1996, no pet.), in which the Court explained:

"Probable cause" for waiver of jurisdiction by the juvenile court is defined as sufficient facts and circumstances to warrant a prudent individual to believe the suspect committed or was committing an offense. "The probable cause standard of proof embraces a practical, common sense approach rather than the more technical standards applied in the burdens of proof either beyond a reasonable doubt or a preponderance of the evidence."

*Ibid.* (citations omitted). The definition contains differences, depending on the context, that refute the State's conclusion. It may be a standard based on common sense, but jurors need to know to what standard they should apply their common sense.

The State also argues that the definition does not have a peculiar meaning because non-legal dictionaries contain definitions of the word. This does not mean that the term has a common and ordinary meaning that we can presume jurors know and can apply.

The definition in non-legal dictionaries provides context for the term: It is used in criminal cases to determine when a criminal charge is well-founded. *See, e.g., Webster's Third New International Dictionary* 1806 (1969) ("a reasonable ground for supposing that a criminal charge is well-founded"). But the definition we use and apply provides the quality and quantum of information an officer must possess to authorize certain actions. *See Hughes*, 24 S.W.3d at 838 ("where police have reasonably trustworthy information, considered as a whole, sufficient to warrant a reasonable person to believe that a particular person has committed or is committing an offense"). Knowledge that probable cause is what is required to arrest someone or to support a warrant or to support the presentment of an indictment, does not allow

the jury to apply the term to the facts and produce a reliable and consistent outcome.

Because the term probable cause has different meanings in different contexts and is not commonly defined in such a way that permits jurors to know its meaning and apply it easily, the term should be defined for purposes of an article 38.23 instruction. Trial courts should apply the definition of probable cause found in *Hughes:* Probable cause exists

> where police have reasonably trustworthy information, considered as a whole, sufficient to warrant a reasonable person to believe that a particular person has committed or is committing an offense. Probable cause requires more than mere suspicion but far less evidence than that needed to support a conviction or even that needed to support a finding by a preponderance of the evidence.

*Hughes,* 24 S.W.3d at 838 (citations omitted).

That this case involves a swearing match between the officer and the appellant is not the focus of the question we are called on to decide today. The fact that the focus of our inquiry is whether the term is a technical legal term that the trial court should have defined *when it gave the charge to the jury.* The appellant's arguments after the charge was given to the jury without the requested language are a concern in determining whether the appellant was harmed. It does not tell us whether the trial court erred when it omitted the definition from the charge.

I would hold that the trial court erred. It is futile to try to measure distance with a ruler that lacks lines of demarcation. Telling a juror to look at facts to determine whether probable cause existed is equally futile unless the juror understands and can apply the term.

The court of appeals erred in holding that probable cause need not be defined. The judgment below should be reversed. Therefore, I would remand the case to that court to address whether the appellant had been harmed.