NO. 07-05-0466-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 20, 2007
______________________________
 
KENNETH M. ROMERO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2005-494,062; HONORABLE DRUE FARMER, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant Kenneth M. Romero brings this appeal from his conviction of the
misdemeanor offense of driving while intoxicated. His single issue assigns error to the
inclusion of a jury instruction on the “synergistic effect” of certain prescription drugs and
alcohol because, he contends, there was no evidence supporting the instruction. We
affirm.
          The relevant facts are undisputed. After a citizen’s report of a person who was
unconscious or unresponsive, Lubbock emergency medical service personnel responded
to a bank ATM location in the City of Lubbock. They found appellant in the driver’s seat
of a car with the engine running.


 Emergency medical technician Rick Perez woke
appellant and determined he did not require medical attention. Perez did report appellant
smelled of alcohol. Lubbock police officer Chad Demaray arrived shortly after the
ambulance. Demaray observed appellant smelled of alcohol and appeared disoriented. 
He released the ambulance and asked appellant to perform field sobriety tests. Based on
those tests, Demaray arrested appellant for DWI. During questioning at the police station
appellant told Demaray he had consumed four glasses of beer and was taking prescription
medications. 
          The information charging appellant with DWI alleged he operated a motor vehicle
in a public place while “intoxicated by not having the normal use of mental or physical
faculties by reason of the introduction of alcohol into the body.” Appellant pled not guilty
and the case was tried to a jury. At trial, the State’s only witnesses were Perez and
Demaray, who testified to the facts we have set out. 
          The only defense witness at the guilt-innocence phase was appellant’s wife,
Amanda Romero, who testified at the time of arrest appellant was taking Lipitor, for
hyperlipidemia, Atenolol, an antihypertensive, Zoloft, an antidepressant, and baby aspirin.
She also described the effect of those medications on appellant.
          The jury charge contained two application paragraphs. Paragraph 3 provided:
Now, if you find from the evidence beyond a reasonable doubt that on or
about March 5th, 2004, in Lubbock County, Texas, the defendant,
KENNETH M ROMERO, did then and there operate a motor vehicle in a
public place while the said defendant was intoxicated by not having the
normal use of mental or physical faculties by reason of the introduction of
alcohol into the body; then you will find the defendant guilty as alleged in the
information.
 
You are further instructed that if a defendant indulges in the use of Lipitor,
Atenolol, Zoloft, baby aspirin, or Plavix to such an extent than he thereby
makes himself more susceptible to the influence of alcohol that (sic) he
otherwise would have been, and by reason thereof becomes intoxicated from
recent use of alcohol, he would be in the same position as though his
intoxication was produced by the use of alcohol alone.
 
Unless you so find beyond a reasonable doubt or you have a reasonable
doubt thereof, you will acquit the defendant and say by your verdict “not
guilty”.
 
In paragraph 4 the jury was charged:
Now, therefore, if you find and believe from the evidence beyond a
reasonable doubt that the Defendant, Kenneth Romero, on or about the 5th
day of March, A.D. 2004, in the County of Lubbock and State of Texas was
intoxicated, in that the Defendant did not have the normal use of his mental
or physical faculties by reason of the introduction of alcohol into his body,
and while so intoxicated by reason of the introduction of alcohol into his
body, either alone or in combination with Lipitor, Atenolol, Zoloft, baby aspirin
or Plavix and on the said date did then and there drive or operate a motor
vehicle in a public place; you will find the defendant guilty as charged in the
information.
Appellant objected to the synergistic effect instruction in paragraph 3 on the basis it
authorized conviction on a theory not alleged in the information. The trial court overruled
the objection and both paragraphs were included in the charge. The jury found appellant
guilty and punishment was assessed at one year of confinement and a fine. Imposition of
the sentence was suspended for 24 months and appellant was placed on community
supervision.
            In a single issue, appellant contends the trial court erred in charging the jury on the
synergistic effect of the prescription medications and alcohol because there was no
evidence of such a synergistic relationship between the medications and alcohol. The
standard of review for jury charge error is set out in Almanza v. State, 686 S.W.2d 157, 171
(Tex.Crim.App. 1984) (op. on reh’g) and reaffirmed in Middleton v. State, 125 S.W.3d 450,
453 (Tex.Crim.App. 2003). We first determine if error exists in the court’s charge. 
Middleton, 125 S.W.3d at 453 (citing Hutch v. Sate, 922 S.W.2d 166, 171 (Tex.Crim.App.
1996)). If we find charge error, then we analyze the error for harm, with the type of harm
analysis we employ dependent on whether the error was preserved. Middleton, 125
S.W.3d at 453. Under Almanza, for preserved error, we must reverse if we conclude the
defendant suffered "some harm." Almanza, 686 S.W.2d at 171. If error was not properly
preserved, we will reverse only if the record establishes as a result of the court’s error the
defendant suffered "egregious harm." Id. 
            In Gray v. State, the Court of Criminal Appeals summarized a trial court’s
responsibility concerning the jury charge as follows:
Our Legislature has made clear that a trial judge's charge to the jury must set
forth the law applicable to the case. Relying on that statute, we have held
that a trial court is required to fully instruct the jury on the law applicable to
the case and to apply that law to the facts presented. It is not enough for the
charge to merely incorporate the allegation in the charging instrument. 
Instead, it must also apply the law to the facts adduced at trial. This is
because the jury must be instructed under what circumstances they should
convict, or under what circumstances they should acquit. Jury charges which
fail to apply the law to the facts adduced at trial are erroneous. 

152 S.W.3d 125, 127-128 (Tex.Crim.App. 2004) (citations and internal quotation marks
omitted). 
          As noted, appellant’s objection at trial to the proposed charge was that it would
authorize his conviction on a theory not alleged in the information. That objection is
answered by the opinion in Gray, 152 S.W.3d at 133. Like the charge at issue in Gray, the
charge here required the jury to find appellant was intoxicated due to alcohol.


 It was thus
consistent with the information. The trial court properly overruled appellant’s objection. 
          On appeal, appellant raises a different objection to the charge. His appellate issue
contends the synergistic effect instruction was improper because there was no evidence
of a synergistic relationship between the listed medications and alcohol. The gist of his
argument is that a trial court errs by including such an instruction in the charge absent
expert testimony of the effects of combining the medications and alcohol. He notes expert
testimony on the effect of combining alcohol and the medication used by the defendant
was presented in Gray, 152 S.W.3d at 126-27 (State chemist testified to synergistic effect)
and Sutton, 899 S.W.2d at 684 (forensic science expert testimony that beer would
“enhance the effect” of the medication).


 
          Appellant is correct that expert testimony was presented in the cases he cites. But
we do not read any of them to say that a court errs by giving an instruction telling the jury
“under what circumstances they should convict, or under what circumstances they should
acquit,”


 when testimony raises the issue whether the defendant’s intoxication resulted
from use of alcohol or ingestion of medication, unless the jury has heard expert testimony
of a synergistic effect from the use of medications and alcohol.


 In Eaton v. State, the
Texarkana court of appeals recently found no error in an instruction similar to that
addressed in Gray. No. 06-06-00153-CR, 2006 WL 1702286 , 2006 Tex.App. LEXIS 5309
(Tex.App.–Texarkana, June 22, 2006, pet. ref’d) (not designated for publication). The
evidence there came from a trooper’s testimony that the defendant admitted he “‘shouldn’t
be mixing alcohol with his antibiotic medication,’” and from the defendant’s wife, a licensed
vocational nurse. 2006 WL 1702286 *1. She described the medications her husband was
taking to treat spider bites, and agreed that pain medicine should not be mixed with
alcohol. Id. Citing Gray, the appellate court agreed with the State that the testimony
supported the trial court’s inclusion of the instruction. Id. at *2.
          Similarly, in Robinson v. State, the court found the issues addressed by a
synergistic effect instruction were raised by the evidence. No. 05-05-01722-CR, 2007 WL
882487 *4, 2007 Tex. App. Lexis 2316 *9-10 (Tex.App.–Dallas, March 26, 2007, no pet.)
(not designated for publication). The evidence came from a police officer’s report reciting
the defendant’s statement she was under the care of a psychiatrist and had been
prescribed Xanax, the defendant’s statement on an arrest video that she was “taking
Xanax,” a Physician’s Desk Reference section on Xanax stating that because of its “CNS
depression effects, patients receiving Xanax should be cautioned against” activities such
as driving a motor vehicle, and, for the same reason, should be cautioned about the
simultaneous ingestion of alcohol and other CNS depressive drugs during treatment with
Xanax, and the arresting officer’s testimony that Xanax “could have” or “possibly” been a
cause of the defendant’s intoxication. 2007 WL 882487 *3-5.
          In the case at bar, officer Demaray testified for the State that appellant admitted
consuming four glasses of beer and taking prescription medication that morning. In his
case in chief, appellant offered the testimony of his wife Amanda Romero. Romero, a
registered nurse of 15 years, stated she was employed by a Lubbock physician as a
clinical research coordinator conducting drug trials for new medications. Concerning
appellant, she testified that at the time of his arrest he was taking the prescribed
medications Lipitor, Atenolol, Zoloft, Plavix, and “baby aspirin.” She added that he had
taken these medications since November 2000. According to Romero, these medications
caused such symptoms in appellant as confusion, memory loss, sleepiness, and agitation. 
Romero explained that Zoloft carries a warning that patients should exercise caution when
using it with alcohol. She opined a person taking Zoloft should not operate a motor vehicle
after “drinking heavily.”


 She believed factors such as a person’s size, weight, food
consumed, and “things like that,” determine whether consumption of four beers crosses
the threshold of “drinking heavily.” She believed appellant might become intoxicated after
consuming five or six beers. Romero stated that her husband’s symptoms she associated
with his medications were sometimes activated by alcohol consumption. 
          In Gray the court authorized jury instructions on the synergistic effect of drugs and
alcohol in DWI cases where there is some evidence presented at trial that the accused's
loss of the normal use of his mental and/or physical faculties due to alcohol consumption
was enhanced or worsened because of drug consumption. Gray, 152 S.W.3d at 127, 131,
133. The defendant in Gray, was charged with DWI by reason of the introduction of
alcohol into his system. Id. at 126. But at trial it was shown that at the time of arrest the
defendant was also taking antidepressant medications. Id. The court gave the jury a
synergistic effect charge similar to the one given in this case. Id. at 127. The court of
criminal appeals found no error. Id. at 133-34.
          Here the jury heard evidence of appellant’s alcohol consumption on the day in
question, his use of prescription medications including the antidepressant Zoloft, the
warning that Zoloft and alcohol should be used together with caution, that a patient taking
Zoloft should not operate a motor vehicle after substantial alcohol consumption, that
alcohol and the medications appellant took affected his behavior. 
          We find some evidence was presented raising the issue of a synergistic relationship
between appellant’s medications and alcohol. Accordingly, we find the court did not err by
including an instruction addressing that subject. Having found no error, we do not reach
the subject of harm.


 We overrule appellant’s single issue.
          Having overruled appellant’s sole issue we affirm the judgment of the trial court.
 
                                                                           James T. Campbell

                                                                                      Justice









Do not publish.