

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00346-CR

JAY A. JACKSON A.K.A. JAY
ALLEN JACKSON A.K.A JAY
ALLAN JACKSON

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY
TRIAL COURT NO. CR13-0752

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

A jury found Appellant Jay A. Jackson a.k.a. Jay Allen Jackson a.k.a. Jay
Allan Jackson guilty of the state jail felony offense of possession of less than one
gram of a controlled substance. *See* Tex. Health and Safety Code Ann.

---

[1]*See* Tex. R. App. P. 47.4.

§§ 481.102(2), .115(b) (West 2010). At the punishment trial, the jury found two enhancement allegations to be true, and assessed Jackson's punishment at seventeen years' confinement. The trial court sentenced him accordingly, and Jackson perfected this appeal. He raises one issue, asserting error in the punishment charge submitted by the trial court because, over Jackson's objection, it included the parole-law instruction mandated by code of criminal procedure article 37.07, section 4(c). *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4(c) (West Supp. 2014). Because the trial court did not err by submitting the specific parole-law instruction utilized in Jackson's punishment charge, we will affirm.

## II. JACKSON'S ISSUE AND ARGUMENTS

Jackson claims that the inclusion of the parole-law instruction in his punishment charge violated his right to due course of law guaranteed by article I, sections 13 and 19 of the Texas constitution. He asserts four arguments: first, he asserts that the court of criminal appeals in *Rose v. State*, 752 S.W.2d 529, 537 (Tex. Crim. App. 1987), correctly declared "substantially the same" parole-law instruction unconstitutional; second, he argues that the mere fact that a constitutional amendment was passed after *Rose* authorizing the legislature to enact the current parole-law instruction does not mean it is constitutional; third, he asserts that the parole-law instruction precluded his fair and impartial trial on punishment; and finally, he urges this court to reconsider *Oakley v. State*, 830 S.W.2d 107, 109 (Tex. Crim. App. 1992), a case from the court of criminal

2

appeals holding that the constitutional amendment authorizing the reenactment of article 37.07, section 4 cured the constitutional infirmity previously found to exist in the prior statute—that constitutional infirmity being a violation of the due course of law provisions of the Texas constitution.

## III. THE PAROLE-LAW INSTRUCTION AND ITS INCLUSION IN JACKSON'S PUNISHMENT CHARGE

The court of criminal appeals and this court have previously ruled that the parole-law instruction—reenacted after the *Rose* decision and after Texas voters approved a constitutional amendment authorizing the legislature to require courts to inform juries about the effect of eligibility for parole or good time credit on the defendant's period of incarceration—does not violate the Texas constitution's due course of law provisions. *See, e.g.*, *Luquis v. State*, 72 S.W.3d 355, 362 (Tex. Crim. App. 2002) (explaining—in response to argument that reenactment of parole-law instruction following constitutional amendment authorizing same was nonetheless unconstitutional—that "this Court determined that the re-enacted statute did not violate a defendant's due course of law rights under the Texas [c]onstitution") (citing *Oakley,* 830 S.W.2d at 109); *Thomas v. State*, No. 02-09-00341-CR, 2010 WL 3377792, at *1–2 (Tex. App.—Fort Worth 2010, pet. ref'd) (mem. op., not designated for publication) (rejecting same argument); *Sanders v. State*, 255 S.W.3d 754, 765–66 (Tex. App.—Fort Worth 2008, pet. ref'd) (rejecting same argument). Based on these holdings, Jackson's first and

3

second arguments do not establish error in the submission of the parole-law instruction in his punishment charge.

To the extent that Jackson's third argument may be construed as raising an as-applied constitutional challenge to the parole-law instruction given in his punishment charge, Jackson shoulders the burden to establish that the parole-law instruction given in his case operated in an unconstitutional manner. *Luquis*, 72 S.W.3d at 366–67. In determining whether Jackson met this burden, we are to determine whether, in light of the entire record, there is a reasonable likelihood that the jury applied the challenged instruction in a way that violates the constitution. *Id.* Jackson makes no such arguments, and reviewing the entire record before us, there is nothing in the record suggesting that the jury was confused in any way by the parole-law instruction. There is no evidence that the jury did not follow the trial court's clear and explicit direction to not apply the general concepts of parole in assessing Jackson's sentence. *See id.* at 368. And, as pointed out by the State, Jackson's counsel in his closing argument at punishment informed the jury that the "most important" part of the parole-law instruction is as follows:

> You may consider the existence of the parole law and good conduct time. You are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which parole may be applied to this particular defendant.
>
> And why is that? Because sometimes they serve their entire time in jail. And you know from his past that's kind of what's happened to him.

4

So I'd advise you, follow the judge's instruction, don't consider the manner in which good conduct time and the parole law will affect him. Sentence him to whatever sentence you believe is appropriate, okay?

Viewing the entire record before us, we hold that there is no evidence showing a reasonable likelihood that the jury applied the parole-law instruction given in Jackson's case in a way that violates the constitution. Thus, Jackson's third argument does not establish error in the submission of the parole-law instruction in his punishment charge.

Jackson's fourth argument urges this court to reconsider the holdings set forth in *Oakley*. *See* 830 S.W.2d at 109. But *Oakley* is an opinion from the Texas Court of Criminal Appeals; the opinions from that court are binding on us. *See, e.g., Swilley v. McCain*, 374 S.W.2d 871, 875 (Tex. 1964) (holding that once the highest court of the State having jurisdiction of a matter decides a principle, rule, or proposition of law, that court and all other courts of lower rank must accept the decision as binding precedent); *Southwick v. State*, 701 S.W.2d 927, 929 (Tex. App.—Houston [1st Dist.] 1985, no pet.) (same). We therefore decline to review the holdings of the court of criminal appeals in *Oakley*. Jackson's fourth argument does not establish trial-court error in the submission of the parole-law instruction in Jackson's punishment charge.

Having addressed each of Jackson's arguments made in support of his sole issue, and having determined that the trial court did not err by including the

parole-law instruction mandated by code of criminal procedure article 37.07, section 4(c), we overrule Jackson's sole issue.[2]

## IV. CONCLUSION

Having addressed each of Jackson's arguments and having overruled his sole issue, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 27, 2015

---

[2]Because we have determined that the trial court did not err by including the parole-law instruction in Jackson's punishment charge, we need not address the second prong of a charge-error analysis—whether sufficient harm resulted from the error to require reversal.  *See, e.g.*, *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003) (setting forth two-pronged charge error analysis); *Abdnor v. State,* 871 S.W.2d 726, 731 (Tex. Crim. App. 1994) (same).