**Affirmed; Opinion Filed December 10, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00896-CR

### KYLE HERMAN HIBBARD, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1951973-R**

## MEMORANDUM OPINION
Before Justices Whitehill, Schenck, and Browning
Opinion by Justice Schenck

A jury found Kyle Herman Hibbard guilty of injury to an elderly individual. TEX. PENAL CODE ANN. § 22.04(a)(3). The victim was appellant's 79 year-old mother. The jury assessed punishment at 8 years' confinement. The trial court entered judgment on the jury's verdict. In a single issue, appellant urges the trial court erred in denying him a jury instruction on self-defense. We overrule appellant's issue and affirm his conviction. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

# BACKGROUND

Appellant was charged by indictment with having unlawfully and intentionally and knowingly causing bodily injury to Beverly Hibbard by grabbing and pulling her hair. The offense was alleged to have occurred on February 7, 2019. Appellant entered a plea of not guilty and proceeded to a jury trial.

At trial, Beverly testified that, since at least 2002, appellant had been physically and verbally abusing her. The abuse escalated around 2014 with appellant hitting her with various objects, throwing dishes at her, pulling her hair, and sometimes locking her out of the house. She did not report the abuse, however, because she wanted to keep her family intact. On February 7, 2019, appellant got into an argument with her and pulled her hair so hard that he left bald spots on her head. She left the house and when she returned, she saw a parade of police cars surrounding her house.

Dallas Police Sergeant Kenneth Campbell testified he and other officers went to Beverly's home to do a welfare check after receiving reports that no one had been able to contact her for days. Sergeant Campbell interviewed Beverly and she told him the history of things that had been going on, and she showed him some bruising and cuts on her arms as well as a clump of hair that had been pulled out of the back of her head. She allowed the officers to enter the house and they noticed drops of blood on the floor in the hallway. Appellant had hidden himself in the bathroom next to his bedroom and at first refused to come out. When appellant emerged from

the bathroom, Sergeant Campbell handcuffed him. Sergeant Campbell recalled that he noticed appellant had a cut above his left eye, so he called the paramedics. He could not tell if the cut was fresh, but it was bleeding and appellant told him his mother had thrown a plate at him, though he did not specify when she had done so. As soon as the paramedics cleared appellant, Sergeant Campbell arrested him.

Beverly stated the cut over appellant's eye occurred when she hit appellant with a makeup mirror. She claimed to have done so to protect herself two or three days before the February 7 assault.

Appellant testified that did not see his mother on February 7 and that he absolutely did not pull her hair, grab her collar, jerk her back, or cause her physical pain on that day. He claimed he awoke that morning and noticed his mother was not there and then the police arrived. He admitted that in the last five years he had acted violently towards his mother, including by pulling her hair but he justified his conduct by saying he defended himself against physical abuse from her. He stated the cut above his eye came from a mirror being smashed over his head. Appellant admitted that he had not been hit with the mirror that day. In fact, he stated, "it was, without a doubt, not that day. And it was somewhere – a few or maybe several or many days before that."

Before closing arguments, appellant requested a jury instruction on self-defense. The trial court denied his request.

–3–

## DISCUSSION

Review of alleged jury-charge error is a two-step process. The reviewing court must first decide whether error exists, and if so, determine whether the accused was harmed by the error. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If no error exists, the review ends there and no harm analysis is necessary. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003).

The trial court must provide the jury with a written charge distinctly setting forth the law applicable to the case. TEX. CODE CRIM. PROC. ANN. art. 36.14. A defendant is entitled to an instruction on any defensive issue raised by the evidence. *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999). But if the evidence, viewed in the light most favorable to the defendant, does not establish the defense, the defendant is not entitled to an instruction on the issue. *Id.*

It is a defense to prosecution that the conduct in question was justified. PENAL § 9.02. A person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect against the other's use or attempted use of unlawful force. PENAL § 9.31(a). Thus, a defendant is entitled to an instruction on self-defense only if evidence was presented that, if believed, showed that the defendant reasonably believed that his use of force was immediately necessary to protect himself against the other's use or attempted use of unlawful force. *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996).

–4–

Moreover, self-defense is a confession-and-avoidance defense that requires the defendant to admit to his otherwise illegal conduct. *Jordan v. State*, 593 S.W.3d 340, 343 (Tex. Crim. App. 2020). A defendant cannot both invoke self-defense and flatly denied the charged conduct. *Id.*

In this case, the issue of self-defense was not raised. Both appellant and his mother testified the incident with the hand mirror occurred on a day other than the date of the offense. There simply was no evidence appellant's assault of his mother on February 7 was in response to her own use or attempted use of unlawful force. Accordingly, appellant was not entitled to a jury instruction on that issue. *Granger*, 3 S.W.3d at 38.

Moreover, appellant denied assaulting his mother on February 7. In fact, he denied even seeing her on that day. Accordingly, appellant could not assert self-defense. *Jordan*, 593 S.W.3d at 343.

We conclude appellant was not entitled to a self-defense instruction. Accordingly, the trial court did not err in denying his requested instruction. Because we conclude there is no error in the jury charge, we need not conduct a harm analysis. *Middleton*, 125 S.W.3d at 453–54. We overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47
190896F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KYLE HERMAN HIBBARD,
Appellant

No. 05-19-00896-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1951973-R.
Opinion delivered by Justice Schenck. Justices Whitehill and Browning participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 10th day of December, 2020.