

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00090-CR

**NACOMBI DARTON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 87th District Court
### Leon County, Texas
### Trial Court No. 18-0071CR

---

## MEMORANDUM OPINION

---

In one issue with three sub-parts, Appellant Nacombi Darton challenges his conviction for solicitation of prostitution of a person younger than the age of eighteen. We will affirm.

### Background

The underlying facts are not in dispute. Darton approached a young woman, provided with the pseudonym "Blue Sky," at a convenience store located in Buffalo, Texas and offered to exchange money with her for sex. Darton was confronted by "Blue

Sky's" father, who told Darton that "Blue Sky" was fourteen years of age. Darton apologized, stating that he did not realize "Blue Sky" was only fourteen years of age.

A jury found Darton guilty, and the trial court assessed punishment at sixty years' confinement in the Texas Department of Criminal Justice Correctional Institutions Division.

## *Issues*

In his single issue, Darton asserts that the trial court erred in the instructions given in the charge to the jury. Darton contends that the trial court: (1) included an improper definition of "fee;" (2) informed the jury it had the "power" to use reasonable inferences; and (3) failed to inform the jury that the presumption concerning the statute of limitations was nonbinding.

Darton did not object to the charge at trial.

## *Discussion*

A. Invited Error. Darton's assertion regarding the definition of "fee" is not cognizable because he requested the definition. The law of invited error precludes a party from taking "advantage of an error that it invited or caused, even if such error is fundamental." *Woodall v. State*, 336 S.W.3d 634, 644 (Tex. Crim. App. 2011) (citing *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999)).

B. Egregious Harm. In reviewing a jury-charge issue, an appellate court's first duty is to determine whether error exists in the jury charge. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003). If error is found, the appellate court must analyze that error for harm. *Id*. If an error was properly preserved by objection, reversal will be

necessary if the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). Conversely, if error was not preserved at trial by a proper objection, as was the case here, a reversal will be granted only if the error caused *egregious* harm, meaning Darton did not receive a fair and impartial trial. *Id.* "Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007). The actual degree of harm must be assayed in light of the whole record, "including the jury charge, contested issues, weight of the probative evidence, arguments of counsel, and other relevant information." *Jordan v. State*, 593 S.W.3d 340, 347 (Tex. Crim. App. 2020); *see also Rogers v. State*, 550 S.W.3d 190, 192 (Tex. Crim. App. 2018); *Riggs v. State*, 482 S.W.3d 270, 273-74 (Tex. App.—Waco 2015, pet. ref'd). To obtain a reversal for jury-charge error, Darton must have suffered actual harm and not just merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012).

Assuming without deciding that the trial court erred, a review of the record, "including the jury charge, contested issues, weight of the probative evidence, arguments of counsel, and other relevant information" persuades us that any claimed errors did not affect the basis of the case, deprive Darton of a valuable right, or vitally affect a defensive theory. *Jordan*, 593 S.W.3d at 347; *Stuhler*, 218 S.W.3d at 719.

The testimony of the witnesses against Darton was not contradicted. While Darton's attorney cross-examined the witnesses, the questions largely related to the witnesses' identification of Darton. Darton was captured on the convenience store's video approaching the child; Darton was followed from the store by the child's father,

the child, and a convenience store clerk; the witnesses testified that Darton apologized for his actions and claimed he did not know the child was only fourteen years of age; Darton fled the scene when he realized the police had been notified; and Darton was arrested only three or four hundred yards from the store. Darton did not call any witnesses or present any exhibits, and his opening statement and closing argument were based upon burden of proof. We conclude that Darton did not suffer egregious harm.[1]

We overrule Darton's sole issue and affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Rose[2]
Affirmed
Opinion delivered and filed August 18, 2021
Do not publish
[CRPM]



---

[1] Darton also asserts that the cumulative effect of all the charge errors requires reversal. However, "[t]he cumulative error doctrine provides relief only when constitutional errors so fatally infect the trial that they violated the trial's fundamental fairness." *Estrada v. State*, 313 S.W.3d 274, 311 (Tex. Crim. App. 2010) (quoting *United States v. Bell*, 367 F.3d 452, 471 (5th Cir. 2004)). Darton has not presented a constitutional error.

[2] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.