

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00064-CR

**STACEY KIRVEN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

---

**From the 77th District Court
Limestone County, Texas
Trial Court No. 11381-A**

---

## MEMORANDUM  OPINION

---

A jury convicted Stacey Kirven of aggravated robbery and kidnapping.  The trial court sentenced Stacey to fifty years in prison for aggravated robbery and twenty years in prison for kidnapping.  Stacey's appellate counsel filed an *Anders* brief presenting three potential issues: (1) the legal and factual sufficiency of the evidence; (2) trial error; and (3) jury charge error.  *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  Although informed of his right to do so, Stacey did not file a *pro se* brief.  We affirm.

## STANDARD OF REVIEW

In an *Anders* case, we must, "after a full examination of all the proceedings, []
decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400;
*accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); *Coronado v. State*,
996 S.W.2d 283, 285 (Tex. App.—Waco 1999, order) (per curiam), *disp. on merits*, 25
S.W.3d 806 (Tex. App.—Waco 2000, pet. ref'd). An appeal is "wholly frivolous" or
"without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486
U.S. 429, 439 n.10, 108 S. Ct. 1895, 1902, 100 L. Ed. 2d 440 (1988). Arguments are
frivolous when they "cannot conceivably persuade the court." *Id*. at 426, 1901. An
appeal based on "arguable grounds" is not wholly frivolous. *Stafford,* 813 S.W.2d at 511.

## LEGAL AND FACTUAL SUFFICIENCY

The first potential issue raised by counsel addresses the legal and factual
sufficiency of the evidence.

### Aggravated Robbery

The offense of aggravated robbery is committed where (1) a person; (2) in the
course of committing theft (3) with intent to obtain and maintain control of property (4)
intentionally, knowingly, or recklessly (5) causes bodily injury to another and (6) uses
or exhibits a deadly weapon. *See* TEX. PEN. CODE ANN. § 29.02(a)(1) (Vernon 2003); *see
also* TEX. PEN. CODE ANN. § 29.03(a)(1), (2) (Vernon 2003).

**Course of Committing Theft**
**Intent to Obtain and Maintain Control of Property**

Kevin Kirven, Stacey's brother, testified that Stacey wanted to rob Thomas Robinson. Stacey beat Robinson and took money from Robinson. Stacey split the money with Kevin. The jury could reasonably conclude that Stacey acted while in the course of committing a theft with intent to maintain or obtain control over Robinson's property. *See* TEX. PEN. CODE ANN. § 31.03(a) (Vernon Supp. 2008) (theft); *see also* TEX. PEN. CODE ANN. § 29.01(1), (2) (Vernon 2003) (definition of "In the course of committing theft"); *White v. State*, 671 S.W.2d 40, 42 (Tex. Crim. App. 1984) (explaining intent to obtain or maintain control of property).

**Bodily Injury**

Emergency physician Dr. Michael Spohn testified that Robinson suffered from (1) nine broken ribs; (2) abrasions and lacerations to his head and body; (3) pneumothorax, a "potentially life-threatening" condition where air is trapped in the lungs as a result of lacerations to the lung pleura; (4) a dangerous blood pressure level; and (5) blood in the urine. Robinson testified that the beating was very painful. He still has trouble breathing and has a partially collapsed lung. The jury could reasonably conclude that Robinson suffered bodily injury. *See* TEX. PEN. CODE ANN. § 1.07(a)(8) (Vernon Supp. 2008) (defining "bodily injury").

**Deadly Weapon**

The indictment alleged that the deadly weapon was a fence post or walking cane. Robinson and Kevin each testified that Stacey used both items to beat Robinson.

Corporal William Rogers found a broken cane at the scene, but never located a fence post. Spohn, Rogers, and Detective Richard Hundley each testified that a walking cane or fence post could be a deadly weapon. The jury could reasonably conclude that the cane and fence post were *capable*, in their manner of use, of causing death or serious bodily injury. *See* TEX. PEN. CODE ANN. § 1.07 (17)(B) (Vernon Supp. 2008) (defining "deadly weapon"); *see also Tucker v. State*, 274 S.W.3d 688, 691-92 (Tex. Crim. App. 2008); *Ashcraft v. State*, No. 03-07-00237-CR, 2008 Tex. App. LEXIS 1338, at *8-9 (Tex. App.—Austin Feb. 21, 2008, pet. ref'd) (not designated for publication).

## Kidnapping

A person commits kidnapping if he intentionally or knowingly abducts another person. TEX. PEN. CODE ANN. § 20.03(a) (Vernon Supp. 2008). "Abduct" means to restrain a person with intent to prevent his liberation by secreting or holding him in a place where he is not likely to be found; or using or threatening to use deadly force.[1] TEX. PEN. CODE ANN. § 20.01(2)(A)-(B) (Vernon 2003). "Restrain" means to restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person. TEX. PEN. CODE ANN. § 20.01(1).

The record contains evidence that Robinson attempted to escape during the beating, but Stacey caught him. Stacey and Kevin bound Robinson with rope, placed him in his truck, and held him down. Stacey took possession of the truck. After the

---

[1] The indictment alleged aggravated kidnapping, but the jury found Stacey guilty of the lesser included offense of kidnapping.

truck stopped running, Stacey threw the bound and beaten Robinson in a drainage ditch full of three to four feet of water. Although the ditch is near a highway, Rogers described the area as "kind of barren" and "fairly desolate." Although Robinson was only taken a tenth of a mile from where the beating occurred, Hundley believed that Stacey planned to either kill Robinson or at least place him in a location where he could not be found.

The jury could reasonably conclude that Stacey (1) forcibly restricted Robinson's liberty without his consent by beating him, binding him with rope, and confining him to his truck; and (2) intended to prevent Robinson's liberation by secreting him in a place where he was not likely to be found. *See* TEX. PEN. CODE ANN. § 20.01(2)(A)-(B); *see also Hines v. State*, 75 S.W.3d 444, 447 (Tex. Crim. App. 2002); *Megas v. State*, 68 S.W.3d 234, 240-41 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *Price v. State*, 35 S.W.3d 136, 140-41 (Tex. App.—Waco 2000, pet. ref'd).

**Summary**

Viewing all the evidence in the light most favorable to the verdict, the jury could reasonably conclude, beyond a reasonable doubt, that Stacey committed the offenses of aggravated robbery and kidnapping. *See Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979)). The proof of guilt is not so weak nor the conflicting evidence so strong as to render the jury's verdict clearly wrong or manifestly unjust. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

**TRIAL ERROR**

We first note that any errors committed during voir dire have not been preserved. The record does not establish that Stacey exercised his peremptory challenges on any venire member whom the trial court failed to excuse for cause. *See Johnson v. State*, 43 S.W.3d 1, 5-6 (Tex. Crim. App. 2001). Nor does the record contain any other objections by the defense. *See* TEX. R. APP. P. 33.1.

We next note that no appealable errors arise from trial on the merits. The State agreed to withdraw two photographs to which the defense objected. The trial court sustained several of the defense's objections, but the defense requested no instruction to disregard. *See Wilson v. State*, 179 S.W.3d 240, 256 (Tex. App.—Texarkana 2005, no pet.) (citing *Nethery v. State,* 692 S.W.2d 686, 701 (Tex. Crim. App. 1985)).

The trial court properly overruled Stacey's objection to Hundley's testimony that he believed Robinson would be killed or at least taken to a place where he would not be found. *See* TEX. R. EVID. 701; *see also Cortez v. State*, No. 02-05-00147-CR, 2006 Tex. App. LEXIS 4998, at *24-27 (Tex. App.—Fort Worth June 8, 2006, pet. ref'd) (not designated for publication). The trial court also properly overruled Stacey's objection that Spohn's understanding of the legal definition of a deadly weapon called for a legal conclusion. *See Whittington v. State*, 781 S.W.2d 338, 341 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd); *see also Berry v. State*, No. 05-03-00441-CR, 2004 Tex. App. LEXIS 1174, at *9 (Tex. App.—Dallas Feb. 6, 2004, no pet.) (not designated for publication).

# JURY CHARGE ERROR

When reviewing a jury charge, we first examine the charge for error. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (citing *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003)). If error occurred, we then decide whether the error caused harm. *See id.* When, as here, an appellant fails to object to the charge at trial, he must show egregious harm to prevail on appeal. *See id.* at 743-44; *see also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). "Errors that result in egregious harm are those that affect 'the very basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'" *Ngo*, 175 S.W.3d at 743 (quoting *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)). To determine whether "error was so egregious that a defendant was denied a fair and impartial trial," we examine: (1) the entire jury charge; (2) the state of the evidence; (3) the arguments of counsel; and (4) any other relevant information in the record." *Id.* at 750 n.48; *Almanza*, 686 S.W.2d at 171.

The trial court omitted an application paragraph on law of the parties after including such law in the abstract portion of the jury charge. This constitutes error. *See Campbell v. State*, 910 S.W.2d 475, 477 (Tex. Crim. App. 1995). However, because the evidence supports Stacey's conviction as the principal actor, he did not suffer egregious harm from the trial court's error. *See Ladd v. State*, 3 S.W.3d 547, 564-65 (Tex. Crim. App. 1999); *see also Cadena v. State*, No. 13-03-00485-CR, 2004 Tex. App. LEXIS 6842, at *5-6 (Tex. App.—Corpus Christi July 29, 2004, no pet.) (not designated for publication); *Davis v. State*, No. 05-06-00527-CR, 2007 Tex. App. LEXIS 4577, at *6-7 (Tex. App.—Dallas June 13, 2007, no pet.) (not designated for publication).

**INDEPENDENT REVIEW**

Having conducted an independent review of the record, we find this appeal to be wholly frivolous. We affirm the judgment.

Counsel's request that he be allowed to withdraw from representation of Stacey is granted. Counsel has already notified Stacey of his right to file a *pro se* petition for discretionary review as part of his "educational burdens" he satisfied when filing his *Anders* brief. The Court of Criminal Appeals has validated this method of notification used by counsel. *See In re Schulman*, 252 S.W.3d 403, 412 n.34 (Tex. Crim. App. 2008); *see also Meza v. State*, 206 S.W.3d 684, 689 n.23 (Tex. Crim. App. 2006). Nevertheless, pursuant to Rule of Appellate Procedure 48.4, counsel must: (1) send Stacey a copy of our decision; (2) notify Stacey of his right to file a *pro se* petition for discretionary review; and (3) provide "a letter [to this Court] certifying his compliance with this rule." *See* TEX. R. APP. P. 48.4; *see also Meza v. State,* 206 S.W.3d 684, 689 n.23 (Tex. Crim. App. 2006); *Schulman*, 252 S.W.3d at 409 n.22.


FELIPE REYNA
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
    (Chief Justice Gray concurring)
Affirmed
Opinion delivered and filed May 13, 2009
Do not publish
[CRPM]