NO. 07-10-0439-CR
NO. 07-10-0440-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE  29, 2012

_____


DEMETRIS ANTWAN WHITE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NOS. B18407-1005, B18408-1005; HONORABLE ED SELF, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION ON REHEARING**

This Court originally issued an opinion on May 3, 2012.  Appellant, Demetris Antwan White, filed a Motion for Rehearing requesting that we delete Footnote 3 pertaining to the procedural history of this case.  Having reviewed Appellant's motion and the State's response, we believe Appellant's motion to be meritorious.  Accordingly, we hereby withdraw our opinion of May 3, 2012, and substitute this opinion in lieu thereof.

Appellant, Demetris Antwan White, was convicted by a jury of assaulting a public servant[1] and evading arrest/detention.[2]  He was sentenced by the jury to four years confinement, suspended in favor of five years community supervision, and fined $250.00 in the assault offense and two hundred days confinement, not suspended, and a fine of $250.00 in the evading arrest/detention offense.  In two issues, Appellant asserts the trial court erred in (1) admitting extraneous offense evidence of a prior, uncharged evading arrest offense; and (2) submitting an extraneous offense instruction to the jury at the conclusion of the guilt/innocence phase that was an improper comment on the weight of the evidence by the trial judge.  We modify the judgment in Cause No. B18407-1005 to delete the order that Appellant pay $2,340.00 in court-appointed attorney's fees and affirm that judgment as modified, and we affirm the judgment in Cause No. B18408-1005.

## BACKGROUND

Officer Korey Ferguson of the Plainview Police Department attempted to stop a motor vehicle for a traffic offense when that vehicle suddenly sped away.  Eventually the vehicle came to a stop, whereupon the driver exited and immediately began running.  During the foot chase that followed, the fleeing suspect grabbed a bicycle and flung it in the officer's direction, striking him on and below the knee.  At trial, Officer Ferguson testified that it was at this point that he recognized that suspect as being Appellant.  The chase continued across a couple of fences and into an alley where, at some point, the suspect being pursued struck Officer Ferguson in the chest with his forearm and

[1]No. B18407-1005.  *See* Tex. Penal Code Ann. § 22.01(b) (West 2011).

[2]No. B18408-1005.  *See* Tex. Penal Code Ann. § 38.04(b)(1) (West 2011).

2

avoided detention. The suspect then entered a residence and locked the door. The officer returned to the vehicle and identified it as being registered to Appellant's cousin, Stephanie White.

Both Appellant and the State concede that the primary issue raised by the defense was the identity of the person who fled from the scene of the traffic stop and assaulted Officer Ferguson. After Appellant raised the issue of identity through cross-examination, Officer Ferguson testified on redirect that he had seen Appellant three or four times prior to the incident, had verbal contact with him in all but one of those prior contacts, and did not have verbal contact during that particular contact because Appellant "evaded me." Appellant objected to the "relevance" of this statement, contending it was evidence of "extraneous conduct." Even though the trial court overruled those objections, Appellant did not request an immediate limiting instruction.

### EXTRANEOUS OFFENSES

In his first issue, Appellant claims the trial court erred in admitting Officer Ferguson's statement that Appellant had previously "evaded me" because that evidence was irrelevant, constituted an inadmissible extraneous offense, and was substantially more prejudicial than probative. *See* Tex. R. Evid. 401, 403 & 404(b).

Because trial courts are in the best position to decide substantive admissibility questions, we review a trial court's ruling under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (op. on reh'g); *Powell v. State,* 63 S.W.3d 435, 438 (Tex.Crim.App. 2001). To obtain a reversal of a conviction based on error in the admission of evidence, an appellant must establish that the trial

3

court's ruling was outside the zone of reasonable disagreement and the error affected his substantial rights. Tex. R. App. P. 44.2(b); *Montgomery*, 810 S.W.2d at 391. As with other trial errors, to preserve an evidentiary complaint on appeal, the appellant must raise a specific complaint at trial, Tex. R. App. P. 33.1(a)(1)(A), and the appellant's point of error on appeal must comport with his objection at trial. *See Guevara v. State*, 97 S.W.3d 579, 583 (Tex.Crim.App. 2003) (holding that appellant failed to preserve any error regarding admission of evidence because his objection at trial did not comport with complaint raised on appeal).

As to Appellant's Rule 401 argument, while relevant evidence is generally admissible, evidence which is not relevant is inadmissible. Tex. R. Evid. 402. Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without that evidence. Tex. R. Evid. 401.

Here, Appellant's counsel thoroughly attacked Officer Ferguson's credibility by questioning his ability to identify Appellant while he was caught up in a chase through poorly lit areas at night. Appellant also offered the testimony of Twila Hines, Appellant's friend, who testified that another person was driving the vehicle that Officer Ferguson attempted to stop; Neva Yarbrough, Appellant's girlfriend, who testified Appellant was in another town playing cards at the time of the incident; and Stephanie White, who testified she had no idea what Appellant was doing at the time of the incident, but that he never drove her vehicle. Accordingly, the determination of the identity of the person fleeing from Officer Ferguson was a fact of significant consequence to the determination of the action. An extraneous offense may be admissible, to show the identity of the

4

accused. Tex. R. Evid. 403(b). Therefore, evidence pertaining to identity was relevant and the trial court's decision to deny Appellant's objection on the basis of Rule 401 lies within the zone of reasonable disagreement. *See Page v. State,* 213 S.W.3d 332, 336 (Tex.Crim.App. 2006) (holding that evidence of an extraneous offense is relevant and may be admissible when the issue of identity has been raised by defense counsel's cross-examination).

As to Appellant's Rule 403 argument, Appellant did not make this argument at trial. Because his complaint on appeal does not conform to his complaint at trial, those arguments are waived. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002); *Veleta-Hernandez v. State*, No. 07-10-0460-CR, 2012 Tex. App. LEXIS 3099, at *19 (Tex.App.--Amarillo April 19, 2012, no pet. h.).

As to Appellant's Rule 404(b) argument, Appellant contends the complained of evidence was inadmissible because the State failed to provide notice of its intent to use that evidence after he had made a timely request for such notice. *See Hernandez v. State*, 176 S.W.3d 821, 824 (Tex.Crim.App. 2005) (holding that Rule 404(b) literally conditions the admissibility of other-crimes evidence on the State's compliance with the notice provision contained therein). Rule 404(b) states, in relevant part:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of . . . identity, . . . provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the *State's case-in-chief* such evidence other than that arising in the same transaction.

(Emphasis added).

Because the complained of evidence was not introduced during the State's case-in-chief, but was instead offered in rebuttal to the defense raised by cross-examination of the State's witness, Appellant was not entitled to notice pursuant to Rule 404(b). *Jaubert v. State*, 74 S.W.3d 1, 4 (Tex.Crim.App. 2002).

In addition, after reviewing the record, we have a fair assurance that even if the admission of the complained of evidence was error, it did not influence the jury or had but a slight effect and we conclude that it did not have a substantial or injurious effect on the jury's verdict and did not affect Appellant's substantial rights. *See King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). Accordingly, we further hold that any error in admitting the complained of evidence would have been harmless. Tex. R. App. P. 44.2(b). Appellant's first issue is overruled.

### JURY CHARGE

In issue two, Appellant asserts the trial court's limiting instruction[3] on extraneous offenses was an improper comment on the weight of the evidence. Appellate review of purported error in a jury charge involves a two-step process. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex.Crim.App. 2003). First, we determine whether the jury instruction was erroneous. *Id.* Second, if error occurred, then an appellate court must analyze that error for harm. *Id.* The issue of error preservation is not relevant until harm is assessed

---

[3]In paragraph ten of the Charge, the trial court stated:

> If there is any evidence before you in this case regarding the defendant's having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the identity of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose.

6

because the degree of harm required for reversal depends on whether the error was preserved. *Id.*

If, as here, Appellant offered no objections to the charge, charge error does not require reversal unless he can show "egregious harm." *Almanza v. State*, 686 S.W.2d 157, 174 (Tex.Crim.App. 1985) (op. on reh'g), *reaffirmed, Middleton v. State*, 125 S.W.3d 450, 453 (Tex.Crim.App. 2003). Errors that result in egregious harm are those that affect the very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive. *Taylor v. State*, 332 S.W.3d 483, 489 (Tex.Crim.App. 2011). Appellant contends he was egregiously harmed by the improper instruction because identity was the sole defense advanced by him at trial and the instruction directed the jury's attention to the complained of testimony.

First, we note that we have already found that the complained of testimony was both relevant and admissible. Secondly, "[b]ecause the court used the phrases 'if any were committed' and 'if any' in the limiting instruction, the instruction does not constitute a comment on the weight of the evidence." *Easter v. State,* 867 S.W.2d 929, 941 (Tex.App.—Waco 1993, pet. ref'd). Finding no error by the trial judge in charging the jury with the limiting instruction given in this case, Appellant's second issue is overruled.

### ATTORNEY'S FEES

We also note an issue not raised by Appellant regarding the assessment of attorney's fees.[4] The written judgment in Cause No. B18407-1005 orders the defendant

---

[4]When a defendant appeals his conviction, courts of appeals have jurisdiction to address any error in that

to pay court-appointed attorney's fees totaling $2,340.00. In order to assess attorney's fees in a judgment, a trial court must determine the defendant has financial resources that enable him to offset in part or in whole the costs of legal services provided. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2011). Furthermore, the record must reflect some factual basis to support that determination. *Barrera v. State,* 291 S.W.3d 515, 518 (Tex.App.--Amarillo 2009, no pet.); *Perez v. State,* 280 S.W.3d 886, 887 (Tex.App.--Amarillo 2009, no pet.). The record in this case does not contain any evidence to support such a determination. Therefore, we conclude that the order to pay attorney's fees was improper. *See Mayer v. State,* 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010). When the evidence does not support an order to pay attorney's fees, the proper remedy is to delete the order. *Id.* at 557. Accordingly, we modify the judgment in Cause No. B18407-1005 to delete the order that Appellant pay $2,340.00 in court-appointed attorney's fees.

## Conclusion

The judgment in Cause No. B18407-1005 is modified to delete the order that Appellant pay $2,340.00 in court-appointed attorney's fees and we affirm that judgment as modified. The judgment in Cause No. B18408-1005 is affirmed.


Patrick A. Pirtle
Justice

Do not publish.

---

case. *Pfeiffer v. State*, No. PD-1234-11, ___ S.W.3d ___, 2012 Tex. Crim. App. 568, at *10 (Tex.Crim.App. April 18, 2012). Where, as here, the error appears on the face of the judgment and does not involve the merits of the criminal trial, but instead addresses the clerical correctness of the judgment, we find that the interest of justice dictates that we address the issue.

8