

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-13-00358-CR

---

TOMMY JOE WOODS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2011-525-C1, Honorable Ralph T. Strother, Presiding

---

July 16, 2014

## MEMORANDUM OPINION

### Before CAMPBELL, and HANCOCK and PIRTLE, JJ.

Appellant, Tommy Joe Woods, appeals his conviction for possession of marijuana over four ounces but less than five pounds.[1]  Through a single issue, appellant contends that the trial court committed reversible error by failing to submit a proper jury charge pursuant to article 38.23 of the Texas Code of Criminal Procedure.[2] We will affirm.

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(3) (West 2010).
[2] See TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005).

Factual and Procedural Background[3]

On July 8, 2010, Officer Vern Darlington, of the Waco Police Department Street Crimes Unit initiated an investigation of reports that appellant was growing marijuana at his home in Waco, Texas. Darlington, accompanied by at least three other officers of the street crimes unit, went to appellant's residence and conducted a "knock and talk" procedure.[4] After knocking on appellant's front door, Darlington waited for approximately two to three minutes for someone to answer the door. During this period, Darlington testified that he could hear people in the house moving about. Appellant's wife initially answered the door. Eventually, appellant came to the door and stepped outside and down the sidewalk toward the street. This action, according to Darlington, was an attempt to draw the officers away from the house. After a short conversation with appellant, Darlington requested permission to search the house. Appellant refused to allow a search of his home.

Darlington then decided to walk to the alley and see if he could see any marijuana growing in the backyard portion of the home. Darlington testified that, as he walked toward the back of the house, he would occasionally detect an odor of marijuana. Adjacent to the alley was a privacy fence made of corrugated tin that stood approximately six feet high. Upon arriving at the rear fence, Darlington asked Officer Flores, who had been stationed at the rear of the home for security purposes, if he

---

[3] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the 10th Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). That being so, we must decide this case "in accordance with the precedent of the transferor court under the principles of stare decisis" if our decision otherwise would have been inconsistent with the precedent of the transferor court. TEX. R. APP. P. 41.3; *see Phillips v. Phillips*, 296 S.W.3d 656, 672 (Tex. App.—El Paso 2009, pet. denied).

[4] According to the record, a "knock and talk" procedure is used to quickly ascertain whether the information received anonymously has any validity.

could see anything over the fence. Flores advised that he could not see over the fence.

Darlington, who stood approximately 6 feet, 4 inches in height, then began surveying the back of the property over the top of the privacy fence. Initially, Darlington testified that he could not see any marijuana growing in the back part of the residence. However, Darlington noticed a window to a shed opened approximately three inches. When he shined his flash light on the opening, Darlington observed a white five gallon bucket that contained stalks of what Darlington thought, based upon his experience and training, to be marijuana. Based upon this observation, Darlington had appellant secured while a search warrant was obtained.

A search warrant was issued at approximately 11:30 p.m. and, based upon the search of the shed behind the home and the area adjacent to the shed, an amount of marijuana was seized. The weight of the marijuana seized was 3.27 pounds.

During the trial, appellant's neighbor, Leonard Thames, who lived across the alley and two or three doors down from appellant, testified about his observations on the night of the search. According to Thames, he observed a couple officers attempting to peer over the privacy fence. He testified that the officers appeared to step up onto something to get a better vantage point. Thames further testified that he saw one of the officers peel the tin fence down in an attempt to see what was inside the back portion of appellant's property. Finally, Thames testified that he saw one of the officers push a gate open and enter the property. According to Thames, he made all of his

observations between 7:00 and 9:00 p.m. on the night in question. This was before the search warrant was issued.

After the testimony had been completed, the trial court prepared a draft jury charge. During a discussion of the proposed charge, appellant indicated to the court that he desired a paragraph in the charge pursuant to article 38.23 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23.[5] The trial court then inquired as to whether appellant's counsel had prepared a proposed charge. Counsel advised that he did not have a proposed charge because he had assumed the trial court would have the applicable article 38.23 paragraph for insertion into the court's charge. Thereafter, the trial court drafted the charge at issue. The trial court proposed to charge the jury as follows:

> Texas law provides that no evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. You are instructed in that under this law, any search of the property or premises of the Defendant and any evidence seized before a search warrant was obtained would not be lawful. Therefore, if you believe that the search of the Defendant's property and the marijuana seized from the Defendant's property was obtained in violation of the law or if you have a reasonable doubt that the search of the Defendant's property was lawful, you shall disregard any evidence so obtained.

---

[5] Article 38.23 of the Texas Code of Criminal Procedure provides, in pertinent part:

(a) No evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

After presenting the proposed charge to appellant's counsel, the trial court further inquired as to whether there were any objections to the proposed charge. Trial counsel for appellant stated he had none and, when specifically asked if trial counsel wished the definition of probable cause in the instruction, stated that as a matter of trial strategy appellant had decided not to request the definition of probable cause be added to the court's instruction. Therefore, the above-identified portion of the charge as drafted by the trial court was submitted as part of the court's charge to the jury.

The jury ultimately convicted appellant of the indicted offense and sentenced him to serve a term of confinement in a State Jail Facility for a period of eighteen months and a fine of $5,000. Appellant appeals through a single issue, contending that the trial court committed reversible error by failing to properly submit an article 38.23 issue to the jury and that such failure resulted in harm to appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23.[6] Disagreeing with appellant, we will affirm.

Charge Error

Standard of Review

Appellate review of alleged jury charge error is a two-step process. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). Initially, the reviewing court must determine if the charge was erroneous. *Id.* If we find that error occurred, we must then analyze the error for harm. *Id.* After we analyze the error for harm, we must review the record to determine whether appellant objected to the charge at issue. *See Middleton v. State,* 125 S.W.3d 450, 453 (Tex. Crim. App. 2003) (en banc). The degree of harm

---

[6] Further reference to the Texas Code of Criminal Procedure shall be by reference to "art. ____" or "article ____."

5

necessary for reversal depends upon whether error was preserved. *Id.* (quoting *Hutch v. State,* 922 S.W.2d 166, 171 (Tex. Crim. App. 1996) (en banc)). If appellant properly objected to the charge, "the standard of harm is whether 'the error appearing from the record was calculated to injure the rights of [appellant],' which we have construed as 'some harm.'" *Celis v. State*, 416 S.W.3d 419, 423 n.3 (Tex. Crim. App. 2013) (quoting article 36.19, and *Trevino v. State*, 100 S.W.3d 232, 242 (Tex. Crim. App. 2003) (per curiam)). "Conversely, unpreserved charge error warrants reversal only when the error resulted in egregious harm." *Id.* (citing *Pickens v. State*, 165 S.W.3d 675, 680 (Tex. Crim. App. 2005) (en banc)).

Analysis

As a beginning point in our analysis of the court's charge, we must address the contention by the State that, if there is any error in the court's article 38.23 instruction to the jury, appellant invited the error by his conduct. *See Woodall v. State,* 336 S.W.3d 634, 644-45 (Tex. Crim. App. 2011) (holding that there was no confrontation clause error because appellant refused the court's offer to attach the witness whose grand jury testimony was read to the jury). The doctrine of invited error is not a species of waiver but is instead based upon the doctrine of estoppel. *See Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (en banc). That is to say, where a party requests a ruling that leads the court into error, he is precluded from claiming a reversal of the judgment based upon that error. *See id.* The doctrine has long been applied to jury charge error. *See Livingston v. State,* 739 S.W.2d 311, 341 (Tex. Crim. App. 1987) (citing *Boyett v. State,* 692 S.W.2d 512, 515 (Tex. Crim. App. 1985)).

6

In *Willeford v. State*, the jury instruction at issue was an alleged erroneous instruction on probable cause. 72 S.W.3d 820, 822 (Tex. App.—Fort Worth 2002, pet. ref'd). There, the State asserted that appellant invited error when she requested an erroneous instruction and objected to the trial court removing the paragraph from the charge. *Id.* at 823. The Fort Worth court found that appellant invited the error by requesting the charge given and then insisting the trial court leave the paragraph in the charge over the State's objection. *Id.* at 824. While not on all fours with the case before the Court, *Willeford* is instructive in the application of the invited error rule in a case involving a jury charge issue.

The record before us reveals that, at the conclusion of the evidence, the trial court conducted a charge conference out of the jury's presence. When asked if appellant was requesting an article 38.23 instruction, appellant's trial counsel answered that that was appellant's request. The court then inquired if counsel had a proposed charge. Counsel advised, "Well, I can get one, Judge. I mean, honestly, I just assumed that the Court has had this issue come up before." After a short recess, the trial court presented the court's charge to counsel for the State and appellant that contained the charge at issue. The trial court then inquired if either party had any objections to the charge, neither the State nor appellant had any objections. Finally, after the proposed charge had been drafted, the trial court inquired whether counsel for appellant desired to have an additional instruction placed in the charge that defined probable cause. Counsel affirmatively stated that, as a matter of trial strategy, appellant did not want the definition in the article 38.23 instruction. This discussion reinforces the Court's conclusion that appellant received the instruction that he requested and approved of.

7

*See Prystash*, 3 S.W.3d at 531; *Willeford*, 72 S.W.3d at 824.  Accordingly, appellant is estopped to now request reversal for the instruction given.  *See Prystash*, 3 S.W.3d at 531; *Willeford*, 72 S.W.3d at 824.  Appellant's issue is overruled.

In addressing appellant's concerns, we note that appellant's contention simply asserts error in the trial court's charge without addressing the State's contention regarding invited error.  From appellant's perspective, the lack of specificity as to the contested factual issue results in error.  We note that appellant's contention reflects the erroneous belief that the trial court's instruction to the jury went only to any alleged improper seizure of the marijuana.  In fact, appellant contends that the article 38.23 instruction did not inquire about the search.  The record belies this contention.  As recited above, the trial court clearly identified that, "any search of the property" before a warrant was issued would be unlawful.   Appellant then leaps to the conclusion that, since the error involved was a constitutional error involving unlawful search and seizure, if error is demonstrated, the proper measure of harm would be pursuant to Texas Rule of Appellate Procedure 44.2(b).  Under that standard, the reviewing court must reverse "unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment."  *See* TEX. R. APP. P. 44.2(b).  Such a position ignores Texas jurisprudence regarding unpreserved charge error.  *See Middleton,* 125 S.W.3d at 453.  Appellant lodged no objection to the trial court's charge; therefore, even if the same was in error, the record would have to demonstrate egregious harm to afford appellant any relief.  *See Celis*, 416 S.W.3d at 423 n.3.

In making a determination of egregious harm, the reviewing court is instructed to examine: 1) the entire jury charge; 2) the state of the evidence; 3) the argument of

8

counsel; and 4) any other relevant information in the record. *See Wooten v. State*, 400 S.W.3d 601, 606 (Tex. Crim. App. 2013). Our examination of the total court's charge reveals that the trial court properly charged the jury on the law as applicable to the charge of possession of marijuana in an amount over four ounces but less than five pounds. No other portions of the charge are complained of. The charge complained of contains a correct statement of the law in regard to the prohibition against using evidence that was seized unlawfully. *See* art. 38.23. Further, the questioned paragraph properly places the burden of proof on the issue of the legality of the search and seizure of the marijuana on the State. It is only in a lack of factual specificity that appellant can fault the charge. The evidence shows that the marijuana seized was seized from appellant's residence and that appellant accepted the responsibility for the marijuana being on the property. Further, the record demonstrates that both the State and appellant argued the contested facts of the search to the jury. The factual contest about how the search was conducted, that is to say, whether the search occurred before or after the search warrant was issued was the primary focus of the final arguments. The jury was fully informed of the import of their decision regarding the contested factual issues. From our review of the entire record, it is apparent that appellant did not suffer egregious harm. Therefore, even were we to assume, *arguendo*, that the trial court erred in its charge, appellant would not be entitled to a reversal of his conviction. *See Celis*, 416 S.W.3d at 423 n.3.

9

Conclusion

Having overruled appellant's single issue, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.