ACCEPTED
06-14-00109-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/23/2015 10:55:58 PM
DEBBIE AUTREY
CLERK

## NO. 06-14-00109-CR

## IN THE COURT OF APPEALS
## SIXTH DISTRICT OF TEXAS
## AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

3/23/2015 10:55:58 PM

DEBBIE AUTREY
Clerk

## MARLO DONTA PERSONS,
## APPELLANT

### v.

## THE STATE OF TEXAS,
## APPELLEE

**On Appeal from the 354th Judicial District Court**
**Of Hunt County, Texas**
**Trial Court Cause No. 29,371**
**Honorable Richard A. Beacom, Judge Presiding**

## APPELLANT'S BRIEF

Elisha M. Hollis (SBN 24083189)
2608 Stonewall Street
P. O. Box 1535
Greenville, Texas  75403
Tel. (903)450-2473
Fax (903)200-1290
Email: ElishaHollis@gmail.com

## ORAL ARGUMENT NOT REQUESTED

# IDENTITIES OF PARTIES AND COUNSEL

Appellant:                                Marlo Donta Persons

Defense Counsel at Trial:           Mr. Daniel J. O'Brien
131 North Ludlow Street
Talbott Tower, Suite 1210
Dayton, OH  45402

Mr. Scott A. Cornuaud
2611 Lee Street
Greenville, TX  75401

Appellant's Attorney on Appeal:   Mr. Elisha M. Hollis
2608 Stonewall Street
PO Box 1535
Greenville, TX  75403

Appellee's Attorney at Trial:      Ms. Lauren Hudgeons
Assistant District Attorney
Hunt County District Attorney
2507 Lee Street, 4th Floor
Greenville, TX  75401

Appellee's Attorney on Appeal:   Ms. Lauren Hudgeons
Assistant District Attorney
Hunt County District Attorney
2507 Lee Street, 4th Floor
Greenville, TX  75401

Trial Judge:                            Hon. Richard A. Beacom
354th Judicial District Court
2507 Lee Street, 3rd Floor
Greenville, TX  75401

# TABLE OF CONTENTS

Identities of the Parties and Counsel.................................................2

Table of Contents ..................................................................3

Index of Authorities .................................................................5

Statement of the Case.................................................................6

Issues Presented .....................................................................7

Statement of the Facts................................................................7

Issues and Authorities ...............................................................11

    **I. 38.23 Instruction** .......................................................11

    **A. The Trial Court Erred in Not Granting Appellants Request for an Art. 38.23 Instruction** ...............................................11

        **i. Appellant met his three part burden at trial to warrant an Art. 38.23(a) instruction concerning the allegation of an obstructed license plate** ............................................13

            **a. Factual Dispute Prong** ...................................13

            **b. "Affirmatively Contested" Prong** ......................14

            **c. Material Issue Prong** ...................................14

        **ii. Appellant met his three part burden at trial to warrant an Art. 38.23(a) instruction concerning the allegation of following too close to another vehicle** ...................................15

**a. Factual Dispute Prong** ...................................................................**16**

**b. "Affirmatively Contested" Prong** ...............................................**16**

**c. Material Issue Prong** ...................................................................**20**

**B. The trial court's improper refusal to grant the Appellant's request for an Art. 38.23 Instruction is reversible error** ........................................**20**

Prayer ...........................................................................................................22

Certificate of Service ...................................................................................23

Certificate of Compliance with Rule 9.4 .....................................................24

# INDEX OF AUTHORITIES

**STATE CASES:**

*Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985)....................................19

*Arline v. State*, 721 S.W.2d 348 (Tex. Crim. App. 1986).......................................20

*Atkinson v. State*, 923 S.W.2d 21 (Tex. Crim. App. 1996)......................................10

*Hutch v. State*, 922 S.W.2d 166 (Tex. Crim. App. 1996).........................................19

*Madden v. State*, 242 S.W.3d 504 (Tex. Crim. App. 2007) ....................................10

*Mendoza v. State*, 88 S.W.3d 236 (Tex. Crim. App. 2002)......................................10

*Middleton v. State*, 125 S.W.3d 450 (Tex. Crim. App. 2003) .................................10

**STATE STATUTES:**

Tex. Code Crim. Pro. Ann. Art. 38.23(a) ..................................................................10

Tex. Trans. Code Ann. Art. 504.945(7)(b) ...............................................................12

**IN THE COURT OF APPEALS**
**SIXTH DISTRICT OF TEXAS**
**AT TEXARKANA**

**MARLO DONTA PERSONS,**
**APPELLANT**
**v.**

**THE STATE OF TEXAS,**
**APPELLEE**

**On Appeal from the 354th Judicial District Court**
**Of Hunt County, Texas**
**Trial Court Cause No. 29,371**
**Honorable Richard A. Beacom, Judge Presiding**

**APPELLANT'S BRIEF**

TO THE HONORABLE COURT OF APPEALS:

NOW COMES counsel for appellant and respectfully submits this brief pursuant to the rules of the Texas Rules of Appellate Procedure.

**STATEMENT OF THE CASE**

This is an appeal from the judgment and sentence in a criminal case in the

354th District Court in Hunt County, Texas. The Appellant was indicted on October 25, 2013 for Possession of cocaine in an amount of 400 grams or more. Furthermore, the grand jury found that Appellant had used or exhibited a deadly weapon during the commission of this offense. After entering a plea of Not Guilty, Appellant elected to be tried and sentenced by a jury.

On June 05, 2014 the jury found Appellant guilty and assessed punishment at fifty five (55) years in the Texas Department of Criminal Justice – Institutional Division along with a fine of $25,000, $266.25 in court costs, and a $50 Crime Stoppers fee. Appellant filed a notice of appeal on June 18, 2014.

## ISSUES PRESENTED

**ISSUE ONE:** The trial court improperly denied the Appellant's request for an Art. 38.23(a) instruction to be included in the jury charge.

## STATEMENT OF FACTS

Appellant, MARLO DONTA PERSONS (hereinafter, "Appellant") was indicted on October 25, 2013 for Possession of cocaine in an amount of 400 grams or more (CR 7-8)[1]. Furthermore, the grand jury found that Appellant had used or exhibited a deadly weapon during the commission this offense. (CR 7-8). Appellant entered a plea of Not Guilty on Dec. 05, 2013(CR 10), and elected to be

---

[1] References to the Clerk's Record are designated as "CR #", references to the Reporter's Record are designated RR Vol. ___, page #: line #, and State and Defendant's exhibits are designated SX and DX, respectively).

tried and sentenced by a jury on the same date. (CR 11).

On June 03, 2014, trial on the merits began. (RR vol. 7, 1:11-15). The State called Zane Rhone, the arresting officer in this case. (RR vol. 7, 34:3-4). Officer Rhone testified that on May 11, 2013 he was on patrol on I-30 East near Greenville, Texas when he was passed by a car in which the Appellant was a passenger. (RR vol. 7, 41:23-25; 43:2-7). Appellant's vehicle was traveling right behind another vehicle and had out of state tags. (RR vol. 7, 43:15-19). Officer Rhone pulled his car onto the roadway and caught up with the Appellant's vehicle to run the license plate number. (RR vol. 7, 44:20-22). Officer Rhone testified that as he closed in on the Appellant's vehicle which was driving in the left lane, it merged into the right hand lane close behind another vehicle. (RR vol. 7, 45:5-8). Officer Rhone determined that the Appellant's vehicle was traveling at an unsafe distance from another vehicle. (RR vol. 7, 45:8-10). He further testified that the proper following distance between two vehicles at 70 miles per hour was at least 150 feet, and that Appellant's vehicle was traveling much closer than that to the vehicle in front of them. (RR vol. 7, 46:19-47:11).

Officer Rhone also testified that as he slowed down to pull in behind the Appellant's vehicle he realized that the Appellant's vehicle had an obstructed license plate. (RR vol. 7, 45:11-15). Officer Rhone then commenced a traffic stop on Appellant's vehicle which led to the discovery of 1,303 grams of cocaine. (RR

vol. 7, 76:11-13). Officer Rhone's in-car video was admitted as State's Exhibit No. 3B. (RR vol. 7, 91:8-10).

On cross examination of Officer Rhone, Appellant had the officer read into the record Texas Transportation Code 504.945(a)(7)(B) requiring that at least 50% of the name on the license plate be visible. (RR vol. 7, 142:19-24). Appellant also extensively cross examined the officer concerning the license plate and the claim that Appellant's vehicle was traveling at an unsafe distance from another vehicle. (RR vol. 7, 112:10-122:19).

In Appellant's case-in-chief, Appellant called Officer Rhone to testify further about the license plate and driving infraction. (RR vol. 8, 59:2-81:13). During this time Appellant re-introduced Officer Rhone's in-car video to the jury and played the beginning sequence showing the initial stop multiple times. (RR vol. 8, 65:4; 67:4; 68:9; 71:10; 71:25; 74:6; 75:6; 77:6). Appellant questioned Officer Rhone about the video, and specifically about where on the video the Appellant's vehicle was following another vehicle at an unsafe distance. (RR vol. 8, 79:1-80:12). Officer Rhone stated that he did not dispute the fact that State's Exhibit 3b was "legitimate" and "captured everything that happened." (RR vol. 8, 79:10-13). Furthermore, Officer Rhone stated that the Appellant's act of following too closely to the vehicle in front of him should be viewable on the tape (RR vol. 8, 79:14-17), and that the jury would be able to see the offense. (RR vol. 8, 80:6-12).

Appellant also called Mack Woodard as a witness. (RR vol. 8, 30:5-8). Mr. Woodard testified that he was the owner of the vehicle that Appellant was riding in at the time of his arrest. (RR vol. 8, 32:23-33:23). Mr. Woodard testified clearly that the license plate bracket on the back of Appellant's vehicle was the same one shown in DX 6 (RR vol. 8, 38:16-39:8) and DX 7. (RR vol. 8, 42:3-22). He also testified that he could see at least 50% of the name on the license plate. (RR vol. 8, 45:18-20).

At the charging conference, Appellant requested an Art. 38.23(a) instruction concerning the obstructed license plate and the allegation of driving at an unsafe distance from another vehicle. (RR vol. 9, 41:10-43:11). The Court agreed that a fact issue was created as to the obstructed license plate issue. (RR vol. 9, 41:10-18). But, the Court did not believe there was a fact issue concerning the alleged offense of following too close to another vehicle, or that any affirmative evidence contesting that issue had been presented by the Defense. (RR vol. 9, 42:1-7). Appellant argued that there was a fact issue presented concerning the driving too close allegation, and that the video (SX3B) and Officer Rhone's testimony was affirmative evidence contesting that allegation. (RR vol. 9, 42:10-43:11). The Court denied the Appellant's request for an Art. 38.23 instruction. (RR vol. 9, 45:24-25). Thereafter, the Jury found Defendant guilty of possession of cocaine in an amount of 400 grams or more, and that he used or exhibited a weapon during

the commission of that offense (RR vol. 9, 101:22-102:5).

**ISSUES AND AUTHORITIES**

I. 38.23 Instruction

A.    **The trial Court erred in not granting the Appellant's request for an Art. 38.23(a) Instruction.**

The Code of Criminal Procedure Article 38.23(a) states in pertinent part that: "In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained." Tex. Code Crim. Proc. Ann. Art. 38.23(a). The terms of Art. 38.23(a) are mandatory in nature and grant a statutory right to the defendant. *Mendoza v. State*, 88 S.W.3d 236, 239 (Tex. Crim. App. 2002). But for this right to attach to a defendants case, there must be a factual dispute regarding the legality of the seizure or other act causing evidence to be obtained illegally. *Atkinson v. State*, 923 S.W.2d 21, 23 (Tex. Crim. App. 1996). "In such event, the judge <u>must</u> include in his final charge" a 38.23(a) instruction. *Id*. Emphasis added.

In *Madden v. State*, The Court of Criminal Appeals has set out a three part test for determining whether or not to include a 38.23(a) instruction. 242

S.W.3d 504, 510 (Tex. Crim. App. 2007). In *Madden*, the defendant was convicted of possession of cocaine after being denied a 38.23(a) instruction concerning his delayed detention. *Id*. at 505. At trial, the defendant in *Madden* argued that a 38.23(a) instruction was proper on the issue of speeding and on the issue of a delayed detention. *Id*. at 508. The trial court agreed that there was a factual issue presented concerning the defendant's speed because, although the defendant did not testify, the defendant could be heard on the police video arguing with the officer about whether he was speeding. *Id*. But, the trial court denied any 38.23(a) instruction concerning the delayed detention. *Id*. The Court of Appeals reversed the trial court on the 38.23(a) issue believing that there was a factual dispute concerning the delayed detention. *Id*. at 509. The Court of Criminal Appeals granted review to determine what evidence is necessary to create a fact issue requiring a 38.23(a) instruction. *Id*.

On Review, the Court of Criminal Appeals sought "to clarify what type of evidence suffices to raise a disputed material fact issue that requires the submission of a jury instruction under Article 38.23(a)." The Court of Criminal Appeals affirmed the trial court's ruling finding that the delayed detention issue was not a factual issue but a legal issue and therefore the trial court was right not to grant a 38.23(a) instruction. *Id*. at 511. In coming to

this conclusion, the Court of Criminal Appeals set out a three prong test to

determine if an instruction is required under Art. 38.23(a):

(1) The evidence heard by the jury must raise an issue of fact;
(2) The evidence on that fact must be affirmatively contested; and
(3) That contested factual issue must be material to the lawfulness of
the challenged conduct in obtaining the evidence.
*Id*. at 510.

### i. Appellant met his three part burden at trial to warrant an Art. 38.23(a) instruction concerning the allegation of an obstructed license plate.

a. Factual Dispute Prong

In the case at hand, the Appellant was alleged to have committed two

offenses leading to his detention and arrest: 1) driving with an obstructed license

plate and 2) traveling at an unsafe distance from another vehicle. (RR vol. 7, 45:8-

15). Concerning the obstructed license plate, the trial court agreed that a 38.23(a)

instruction would be proper, but denied any instruction since it believed that there

was no factual dispute concerning the unsafe distance issue. (RR vol. 9, 41:19-24).

The trial Court was correct in finding that a 38.23(a) instruction would be proper

concerning the obstructed license plate.

First, the evidence presented to the jury at trial clearly raised a fact issue

concerning whether or not the license plate was obstructed. Officer Rhone read

Texas Transportation Code 504.945(a)(7)(B) into the record (RR vol. 7, 142:19-

24) which states in pertinent part that "A person commits an offense if the

13

person…has a coating, covering, protective substance, or other material that…alters or obscures one-half or more of the name of the state in which the vehicle is registered..." Tex. Trans. Code. Ann. Art. 504.945(7)(b). He then testified that the license plate was obstructed on the car in which the Appellant was riding. (RR vol. 7, 45:11-15). The Appellant rebutted this testimony by presenting pictures of the license plate (DX 6, DX7) and by calling Mack Woodard who testified that he could see at least 50% of the name on the license plate based on pictures of the license plate when the vehicle was taken out of impound. (RR vol. 8, 45:18-20). Thus, the jury was presented with facts concerning whether there was or was not an obstructed license plate on Appellant's vehicle, and a fact issue was sufficiently raised.

### b. "Affirmatively Contested" Prong

Second, the evidence concerning the obstructed license plate issue was affirmatively contested by the Appellant. In *Madden*, the court found the defendant's speed to be a contested fact because the defendant could be heard on the officer's video arguing with the officer about whether he was actually speeding. 242 S.W.3d at 511. In the present case, Appellant presented testimony that conflicted with the arresting officer's testimony concerning whether the license plate was obstructed. Appellant also presented exhibits showing the license plate as it was at the time of the offense. Thus, Appellant affirmatively contested

14

the issue of whether the vehicle at issue had an obstructed license plate.

### c. Material Issue Prong

The third prong of *Madden* has also been met in this case because the issue of an obstructed license plate was "material to the lawfulness of the challenged conduct in obtaining the evidence." *Id.* at 510. The stop in this case which led to the discovery of the cocaine which the Appellant was charged with possessing was based on an obstructed license plate and following to close to another vehicle. (RR vol. 7, 45:8-15). Since either one of these violations can be used individually to legitimate a traffic stop, both would have to be invalidated in order for evidence to be suppressed under Art. 38.23(a). The trial Court correctly pointed this out in determining whether to issue such an instruction in this case. (RR vol. 9, 41:19-24). The issue of driving too close to another vehicle will be taken up in the next section. But considering the obstructed license plate issue alone, if it was not obstructed under the law, then the officer would not have had the right to stop the Appellant. Thus, the obstructed license plate is material to the challenged stop.

ii. **Appellant met his three part burden at trial to warrant an Art. 38.23(a) instruction concerning the allegation of following too close to another vehicle.**

## a. Factual Dispute Prong

The trial Court believed that there was no factual dispute concerning the unsafe distance issue. (RR vol. 9, 41:19-24). Under the *Madden* case, the trial Court's determination was wrong. First, the evidence presented to the jury at trial clearly raised a fact issue concerning whether or not the vehicle the Appellant was riding in was following another vehicle at an unsafe distance. The arresting officer testified that Appellants vehicle was traveling at an unsafe distance from another vehicle. (RR vol. 7, 45:8-10). He also testified that at the speed Appellant was traveling, he needed at least 150 feet between his vehicle and the next vehicle. (RR vol. 7, 46:19-47:11). Appellant pointed the jury to the officer's video to look at how close the Appellant's vehicle was to the vehicle they were following. (RR vol. 8, 79:1-80:12). The jury was able to see how close Appellant's vehicle was traveling to the next vehicle and determine whether the officer's testimony was correct. The distance between the vehicles was thus a factual dispute concerning measurable distances.

## b. "Affirmatively Contested" Prong

Second, the evidence concerning how close the Appellant's vehicle was to the vehicle in front of it was affirmatively contested by the Appellant. According to the court in *Madden*, "[t]o raise a disputed fact issue

warranting an Article 38.23(a) jury instruction, there must be some affirmative evidence that puts the existence of that fact into question." 242 S.W.3d at 513. In the present case, the Appellant presented the officer's in-car video to the jury to contest the officer's claim that the Appellant's vehicle was following to close to another vehicle. (RR vol. 8, 79:1-80:12). By doing this, the Appellant brought the officer's testimony into question, and presented the jury with affirmative evidence concerning whether the Appellant's vehicle was actually traveling to close to the next vehicle.

It may be argued, and the trial Court in this case clearly believed, that under *Madden* the officer's video is not sufficient in itself to affirmatively contest an issue. In *Madden*, concerning the first issue of speeding, the Court of Criminal Appeals agreed with the trial court in granting a 38.23(a) instruction on that issue where the defendant could be heard on the officer's video disputing his speed. 242 S.W.3d at 11. This alone shows that a video can be affirmative evidence in itself.

On the second issue regarding the delayed detention, the court in *Madden* ultimately found it unnecessary to grant a 38.23(a) instruction because the challenged conduct was concerning "reasonable suspicion" which is a legal issue instead of a fact issue. *Id*. But in discussing what counts as conflicting evidence the court examined the defendant's argument

that the video and the cross-examination questions asked by the defendant's attorney were enough to raise a disputed issue of fact. *Id*. at 515. The court stated that cross-examination questions were not enough to rise to the level of affirmative evidence contesting the issue. *Id*. The court did not state that the video in itself was not affirmative evidence though. The court found that there was no evidence the video contradicted the officer's testimony. *Id*. at 516. Apparently, though the court could not watch the in-car video, there was evidence in the record that the video was low quality and did not "show much of anything with clarity." *Id*. The court stated that "Only if the video clearly showed that appellant affirmatively did not do something that Trooper Lily said that he did do, and the video clearly would have shown that conduct if it had occurred, would there be some affirmative evidence of a disputed historical fact." *Id*. Thus, the court in *Madden* did not hold that there must be contradictory testimony for a fact to be affirmatively contested, or that an officer's in-car video was not able to affirmatively contest a factual issue on its own. *See Id*. In fact, it is clear from a reading of *Madden* that the Court of Criminal Appeals would have considered the officer's video as affirmative evidence if a fact issue would have been presented instead of a legal issue, and if the video had clearly shown the facts to be contested. *See. Id.*

Applying the facts and holding of *Madden* to the present case, the in-car video presented to the jury by the Appellant affirmatively disputed the factual issue of whether the Appellant's vehicle was traveling too close to another vehicle. Whether the Appellant's vehicle was driving at an unsafe distance from the vehicle in front of it is a factual determination concerning measurable distances, and it is clearly viewable on Officer Rhone's in-car video that was admitted into evidence.(SX3B). There is no argument in this case that the video didn't show the entire stop including where the Appellant's vehicle was following too close to another vehicle. The arresting officer watched the relevant parts of the video at the request of the Appellant's attorney, and testified that the offense of following too close could be seen on the video. (RR vol. 8, 79:14-17). He specifically testified that the jury would be able to see that the Appellant was traveling too close to another vehicle in the in-car video. (RR vol. 8, 80:6-12). This same video was played to the jury by the Appellant multiple times. (RR vol. 8, 65:4; 67:4; 68:9; 71:10; 71:25; 74:6; 75:6; 77:6). Thus, there was affirmative evidence presented to the jury concerning this offense, enough so that the jury would have been able to weigh the video against the officer's testimony to resolve the factual dispute of whether the Appellant committed the offense alleged.

## c. Material Issue Prong

Coming now to the third prong of the test set out in *Madden*, the factual dispute concerning whether the Appellant traveled at an unsafe distance from another vehicle is "material to the lawfulness of the challenged conduct in obtaining the evidence." 242 S.W.3d at 510. Both traveling at an unsafe distance from another vehicle and having an obstructed license plate are violations of the law which provide an officer with probable cause for a temporary detention. If the jury was to find that the Appellant had not violated these two laws, then the arresting officer would not have had any legal reason to detain the Appellant. Thus, determining a factual dispute regarding whether the Appellant had violated these two laws would be material in determining whether the stop leading to the discovery of evidence was in fact legal. Therefore it is material in determining whether the contraband was legally seized in this case.

**B.    The trial court's improper refusal to grant the Appellant's request for an Art. 38.23(a) Instruction is reversible error.**

In considering issues concerning a jury charge, appellate courts must first determine whether error exists in the jury charge. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). Once error is found, the appellate court must determine whether harm occurred. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex.

Crim. App. 2003). The level of harm required for reversal depends on whether the error was objected to at trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). If a timely objection is made to the alleged error, reversal is required "only as long as the error is not harmless." *Id*. Thus there must be some harm to the appellant. *Id*. But, there is no set amount of harm that is required prior to reversal because, "the presence of any harm, regardless of degree, which results from preserved charging error, is sufficient to require a reversal of the conviction." *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986).

In the present case, the Appellant both urged an Art. 38.23(a) instruction and objected to the Court's decision not to grant such an instruction. (RR vol. 9, 41:10-43:11; 46:2-6). Thus, reversal should be determined by whether any harm occurred. *Arline*, 721 S.W.2d at 351; *Almanza*, 686 S.W.2d at 171. The appellate court should determine whether any harm occurred "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171.

Considering the entire record in this case, the trial court's refusal to grant an Art. 38.23(a) instruction caused harm to the Appellant. By not granting such an instruction, the jury was prohibited from considering facts made available to them at trial thereby forcing them to come to a conclusion they may not have otherwise

come to. As to the obstructed license plate issue, the jury was presented with testimony by Officer Rhone that the name on Appellant's license plate was obstructed. (RR vol. 7, 45:11-15), as well as conflicting testimony by Mack Woodard. (RR vol. 8, 45:18-20). They were also presented with exhibits purporting to show the state of the license plate at the time of Appellant's arrest. (DX 6, DX7). Thus, had the jury been presented with an Art. 38.23(a) instruction concerning the obstructed license plate, they may have agreed that it was not obstructed under the law.

In regards to the allegation of driving at an unsafe distance from another vehicle, the jury was presented with testimony by Officer Rhone that the Appellant's vehicle was traveling at an unsafe distance from another vehicle. (RR vol. 7, 45:8-10). They were also shown the officer's in-car video to which the officer agreed that the violation would be viewable by the jury. (RR vol. 8, 79:14-17; 80:6-12). Thus, had the jury been granted an instruction under Art. 38.23(a) they may have determined that the Appellant's vehicle was not traveling at an unsafe distance from another vehicle under the law. But, without such an instruction, the jury was improperly prohibited from coming to a conclusion based on the facts before them and the Appellant suffered harm.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that his

22

judgment in the above entitled and numbered cause be reversed and rendered. Appellant further prays for all other lawful relief to which he may be entitled, at law or in equity.

Respectfully submitted,

By: /s/ Elisha Hollis
Elisha Hollis

The Law Office of Elisha Hollis
PO Box 1535
Greenville, Texas 75403
903-450-2473 (ph)
903-200-1290 (fax)
ElishaHollis@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Appellant's Brief was served on the Honorable Noble Walker, Hunt County District Attorney, P.O. Box 441, Greenville, Texas 75403-0441 on this the 23rd day of March, 2015.

I further certify that a true and correct copy of Appellant's Brief was sent by first class United States mail, postage prepaid to MARLO DONTA PERSONS, TDJC#1939454, Eastham Unit, 2665 Prison Rd. #1, Lovelady, TX 75851 on this the 23rd day of March, 2015.

/s/ Elisha Hollis
Elisha Hollis

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4

Pursuant to Texas Rule of Appellate Procedure 9.4, this certifies that this document complies with the type volume limitations because it is computer generated and does not exceed 15,000 words. Using the word count feature of Microsoft Word, the undersigned certifies that this document contains 3,757 words in the entire document, except in the following sections: caption, identities of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, signature, certificate of service and certificate of compliance. This document also complies with the typeface requirements as it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ Elisha Hollis
Elisha Hollis